# Exhibit F

19MAG 2676

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of a Warrant for All Content and Other Information Associated with the Email Account H█████████@GMAIL.COM Maintained at Premises Controlled by Google LLC, USAO Reference No. 2017R00567

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:   Google LLC ("Google" or the "Provider")

**1. Warrant.** Upon an affidavit of Special Agent LaVale Jackson of the United States Attorney's Office for the Southern District of New York ("USAO-SDNY"), and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe the email account HON.SYLVIAGASH85@GMAIL.COM, maintained at premises controlled by the Provider, contains evidence, fruits, and/or instrumentalities of crime, all as specified in Attachment A hereto. Accordingly, the Provider is hereby directed to provide to the USAO-SDNY, within 14 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, flight from prosecution, or otherwise will seriously jeopardize an

ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

3/18/19               5:21 pm
Date Issued           Time Issued

THE HONORABLE JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

SDNY_00000496

## Google Search Warrant Attachment A

**I.  Subject Account and Execution of Warrant**

This warrant is directed to Google LLC ("Google" or the "Provider"), headquartered at 1600 Amphitheater Parkway, Mountain View, CA 94043, and applies to all content and other information within the Provider's possession, custody, or control associated with the email account H██████████@GMAIL.COM (the "Subject Account").

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II.  Information to be Produced by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Account:

a. *Email content.* All emails sent to or from, stored in draft form in, or otherwise associated with the Subject Account, including all message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email) limited to items sent, received, or created between January 1, 2015 through July 31, 2018.

b. *Address book information.* All address book, contact list, or similar information associated with the Subject Account.

c. *Subscriber and payment information.* All subscriber and payment information regarding the Subject Account, including but not limited to name, username, address, telephone

number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

    d. *Transactional records.* All transactional records associated with the Subject Account, including any IP logs or other records of session times and durations.

    e. *Customer correspondence.* All correspondence with the subscriber or others associated with the Subject Account, including complaints, inquiries, or other contacts with support services and records of actions taken.

    f. *Preserved or backup records.* Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise.

### III. Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside vendors or technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of Sections 657 (embezzlement from or misapplication of the funds of a financial institution), 1001 (making a false statement in the jurisdiction of the executive branch), 1512 (witness tampering), and 1519 (destruction or covering up of documents with intent to obstruct a federal investigation), and/or a conspiracy to commit one or more of the same (collectively, the "Subject Offenses"), including the following:

    a. Communications, including emails, historic, stored and backed up chat logs, and text messages, concerning or evidencing one or more of the Subject Offenses, including correspondence between Sylvia Ash ("Ash"), Kam Wong ("Wong"), and/or other Municipal Credit Union ("Credit Union") officers or employees concerning the

SDNY_00000498

employment contract of Wong, benefits or payment to be provided to Wong, benefits or gifts to be provided to Ash, Ash's service on the Board of Directors of the Credit Union, a criminal investigation of Wong, a memorandum dated on or about January 22, 2018, the deletion of electronic communications, and/or Ash's response to grand jury subpoenas issued by or an investigation of the United States Attorney's Office for the Southern District of New York.

b. Evidence concerning the location of other evidence of the Subject Offenses, including but not limited to information concerning other email, social media accounts, and electronic storage accounts and clouds capable of backing up and storing data in which records of Ash's communications with Wong and other Credit Union officers or employees are saved.

c. Passwords or other information needed to access a user's electronic device(s) or other online accounts that may contain evidence of the Subject Offenses.

SDNY_00000499