

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 12, 2021

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Sylvia Ash*,
            S1 19 Cr. 780 (LAK)

Dear Judge Kaplan:

      The Government respectfully writes in response to the defendant's letter, dated October 29, 2021 (Dkt. No. 97) ("Def. Ltr."), pertaining to (1) the assertion of attorney-client privilege or work-product protection by Municipal Credit Union ("MCU") with respect to certain materials or information concerning its former general counsel, and (2) the defendant having declined to date to state whether she intends to advance an advice-of-counsel defense with respect to her former counsel, Roger Archibald, Esq. (*Id.* at 2-3.)

      With respect to the first of these issues, whatever the result of the defendant's discussion with MCU over the scope of its invocation of attorney-client privilege or work-product protection, the Government requests that the Court order (a) the defendant not to present evidence or argument to the jury regarding MCU's assertion of attorney-client privilege or work-product protection, and (b) to the extent the defendant may seek to compel any potentially protected materials to be produced by MCU pursuant to a Rule 17(c) subpoena, that such a motion to compel be filed sufficiently soon that it may be resolved at least one week prior to the start of trial.

      With respect to the second of these issues, given the defendant's continued declination to state whether she will assert an advice-of-counsel defense, much less to explain the contours of such a proposed defense or to provide discovery concerning it—along with her most recent request that she not have to do so until the day before trial (*see* Def.s Mem. Of Law in Opp'n to the Gov'ts Mots. *in Limine* (Dkt. No. 102) ("Def. Opp.") at 2), the Government reiterates its pending request that the Court (a) order that the defendant promptly, and no later than one week from today, provide written notice and discovery materials concerning any purported advice-of-counsel defense, and (b) preclude the defendant from offering argument—including in her opening statement, if any— concerning alleged reliance on the advice or approval of counsel, unless and until the defendant establishes an admissible factual basis for the required elements of an advice-of-counsel defense.

### I. The Defendant Should Be Precluded From Presenting Evidence or Argument Regarding MCU's Assertion of Attorney-Client Privilege or Work-Product Protection

The defendant states in her letter, without any legal analysis, that MCU has "either explicitly or constructively waived privilege" as to certain documents, of unclear relevance, pertaining to MCU's former general counsel, as a result of an interview that that attorney participated in with the Government. (Def. Ltr. 1.) The defendant, however, has not, to the Government's knowledge, served a Rule 17(c) subpoena for these or any other materials. Instead, she states that should MCU continue to assert attorney client privilege and/or work-product protection over those materials, the defendant "will seek leave of the Court to compel production." (*Id.* at 2.) Although the Government takes no position on the application of any alleged waiver to the sought materials, to avoid any delays at trial and to permit efficient trial preparation on matters that can be quite complex, to the extent that the defendant contemplates requesting Court intervention, the Government submits that the time to do so is now—not on the eve of trial.[1]

Equally important, the Government is concerned that if the defendant does not receive the material she seeks from MCU, and potentially, even if she does, she may seek to press an argument, including in her opening statement, about and/or seek to introduce evidence of MCU's assertion of privilege. Any such argument or evidence is irrelevant and, in any event, risks extreme jury confusion. Accordingly, the Government requests that the Court order the defendant not to refer to MCU's assertion of attorney-client privilege or work-product protection before the jury, including in her opening statement, if any, or during cross-examination, or to ask a witness in front of the jury a question that the defendant knows will result in the assertion of such privilege.

---

[1] To assist the defendant's resolution of any potential privilege or work-product litigation, the Government promptly agreed to defense counsel's request for early production of an unredacted memorandum and notes of the Government's interview of MCU's former general counsel's interview. (The Government had previously produced a redacted version of the memorandum of that interview more than a year and a half ago.) In addition, the Government did not object to defense counsel's request to share the memorandum and notes of that interview with MCU's outside counsel, subject to the terms of the protective order in this case. Lastly, earlier today, the Government also produced notes of additional interviews of MCU's former general counsel that occurred more recently in preparation for the upcoming trial.

## II. The Defendant Should Be Ordered To Promptly Provide Written Notice and Discovery Concerning Any Purported Advice-of-Counsel Defense

The defendant claims in her letter, for the first time, despite having been charged more than two years ago, and despite multiple requests over those years from the Government for her to provide her position, that she "may assert an advice of counsel defense at trial with respect to, *inter alia*, her alleged non-compliance with grand jury subpoenas." (Def. Ltr. 2.) She claims that her decision whether to assert "will be dependent both on [her receipt of] Mr. Archibald's unredacted grand jury testimony and [a] full complement of exhibits" (*id.* at 2-3)—notwithstanding that she plainly is already aware of her own communications with Mr. Archibald, which is the sole basis on which she could lawfully seek to press an advice-of-counsel defense. Even though the defendant's argument on this point does not make sense, the Government provided, as a courtesy, early disclosure of that entire transcript and exhibits, yesterday, and had previously provided a redacted version of that transcript more than four months ago. In addition, the defendant further claims that her decision whether to assert and advice-of-counsel defense also depends on "the nature of the government's presentation of evidence in its case-in-chief at trial" (*id.* at 3)—notwithstanding that the validity of an advice-of-counsel defense does not rest on the "nature" of the government's "presentation," but on the charges themselves.

Moreover, the defendant still has not provided any information regarding the contours of this purported defense, including what charges or points to which she believes it applies, or any discovery pertaining to it. Instead, she says she "may seek relief from the Court" if she is "unable to reach agreement with the government as to the appropriate scope of her waiver of attorney-client privilege." (*Id.* at 3.) But she has engaged in no discussions whatsoever on this topic with the Government to date, or even asked to start such discussions. Nor is such a discussion possible unless the defendant first provides information about the contours of this purported defense, including the bases, scope, and to which specific counts she believes it applies. And in any event, speculation that the parties might disagree about the extent of her waiver, should she choose to advance the defense, is not a basis not to produce a single page of discovery. It is no answer that, in the defendant's view, on which she does not elaborate, the "remaining portion of Mr. Archibald's file which the government does not possess but to which it may be entitled is limited to a small number of pages" (Def. Opp. 15). *See, e.g.*, *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"); *see generally Chambers v. Mississippi*, 410 U.S. 284, 302 (1973) ("the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence").

Most recently, earlier this evening, the defendant requested that she not have to provide any information or discovery whatsoever about this purported defense *until the day before trial* (Def. Opp. 2), more than two weeks from now. The defendant offers no cogent explanation for further, extended delay, and the law, for good reason, does not permit such gamesmanship, which

Honorable Lewis A. Kaplan
United States District Judge
November 12, 2021
Page 4

would likely require lengthy briefing and/or argument before or during trial, and affect the contours of the case, the length of the trial, witness preparation, jury instructions, and multiple evidentiary matters. Rather, as the Government explained in its motions *in limine* (at 28-36), given the complexity and issues concerning an advice-of-counsel defense, courts routinely order defendants to provide notice of whether they intend to advance such a defense in advance of trial, and, if so, to provide discovery. *See, e.g.*, *United States v. Scali*, No. 16 Cr. 466 (NSR), 2018 WL 461441, at *8 (S.D.N.Y. Jan. 18, 2018). That "disclosure should include not only those documents which support [the] defense, but also all documents (including attorney-client and attorney work product documents) that might impeach or undermine such a defense." *United States v. Hatfield*, No. 06 Cr. 550 (JS), 2010 WL 183522, at *13 (E.D.N.Y. Jan. 8, 2010). In short, the defendant's request to provide notice and discovery only the day before trial is woefully inadequate, without legal or factual support, and risks serious delay or interruption of the trial.

Accordingly, as the Government requests in its motions *in limine*, the Court should (1) order that the defendant promptly provide written notice and discovery concerning any purported advice-of-counsel defense, in any event no later than one week from today, and (2) preclude the defendant from offering argument—including in her opening statement, if any—concerning alleged reliance on the advice or approval of counsel in engaging in the charged conduct, unless and until the defendant establishes an admissible factual basis for the required elements of an advice-of-counsel defense. That is particularly appropriate here, since there appears to be no valid basis for the defense, given, among other things, that the defendant had already participated in obstruction of justice over the course of five months prior to her retention of Mr. Archibald. (*See* Gov't Mot. 33-34.)

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By:    s/ Eli J. Mark
        Eli J. Mark
        Daniel C. Richenthal
        Jonathan E. Rebold
        Assistant United States Attorneys
        (212) 637-2431/2109/2512
        Alona Katz
        Special Assistant United States Attorney

Honorable Lewis A. Kaplan
United States District Judge
November 12, 2021
Page 5


cc:     (by ECF)

       Carrie Cohen, Esq.
       Nathan D. Reilly, Esq.
       Janie C. Buckley, Esq.