```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/21
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SYLVIA ASH,<br><br>　　　　　　Defendant. | Case No. 1:19-cr-00780-LAK<br><br>**STIPULATION and**<br><br>**ORDER** |

　　　　This Stipulation and Order is entered pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence. The Signatories hereby agree that the third-party Municipal Credit Union ("MCU") has asserted that the documents identified in MCU Bates Numbers MCUTS00001 to MCUTS000299 (the "Covered Documents"), which are hereby produced by MCU to Defendant Sylvia Ash and the United States Attorney's Office for the Southern District of New York ("USAO", all together the "Signatories"), are subject to attorney-client privilege or attorney work-product protection. Accordingly, the Signatories agree that such production does not constitute a waiver or forfeiture of any such privilege or protection in the above-referenced case or in any other federal or state proceeding.

　　　　MCU reserves the right to seek to maintain any applicable privilege or work product claim with respect to the Covered Documents. Accordingly, the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Covered Documents under this Order.

　　　　The Court, having considering this Stipulation and for good cause shown, it is hereby **ORDERED:**

　　　　1. In the course of the above-captioned matter and any related investigation by the USAO, and subject to the parties' Stipulation as set forth *supra*, MCU's potential waiver of the

Case 1:19-cr-00780-LAK   Document 120   Filed 11/23/21   Page 2 of 3
Case 1:19-cr-00780-LAK   Document 119-1   Filed 11/23/21   Page 2 of 3

attorney-client privilege and/or the work-product doctrine with respect to the Covered Documents produced by MCU to counsel for Defendant Sylvia Ash and the USAO does not constitute a waiver with respect to those privileges and protections that may apply to other MCU documents, or records, or a categorical waiver of such privileges and protections.

2. Nothing in the parties' Stipulation set forth *supra* shall constitute or be construed as a waiver of the attorney-client privilege, work product doctrine, or any other privilege or protection in any other federal or state proceeding.

3. No waiver of the attorney-client privilege, work product doctrine, or any other privilege or protection by MCU in this matter shall constitute or be construed as a waiver of such privilege or protection in any other federal or state proceeding.

4. This Stipulation and Order comports with Federal Rule of Evidence 502(d) and (e), which permits such waivers without implicitly effectuating a broader waiver. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

**AGREED AND CONSENTED TO:**

*/s/ Melissa L. Jampol*                                    11/22/2021

---
Melissa L. Jampol, Esq.                                    Date
Epstein Becker & Green, P.C.
*Counsel for Municipal Credit Union*

*/s/ Carrie H. Cohen*                                      11/22/2021

---
Carrie H. Cohen, Esq.                                      Date
Morrison & Foerster LLP
*Counsel for Sylvia Ash*

2

Firm:54658805v3

DAMIAN WILLIAMS
United States Attorney

*[signature]*                                11/22/2021

By.   Eli Mark                              Date
*Assistant United States Attorney*

Dated: New York, New York
       November **23**, 2021

SO ORDERED:

*[signature]* (TTC)

LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE