# NEW YORK STATE

# COMMISSION ON JUDICIAL CONDUCT



# POLICY MANUAL

# JUNE 2015

GOVERNMENT
EXHIBIT
543
S1 19 Cr. 780 (LAK)

## TABLE OF CONTENTS

INTRODUCTORY NOTE                                                          1

SECTION 1: STAFF
1.1    Administrator's Authority; Clerk of the Commission                  2
1.2    Court of Appeals Proceedings                                        2
1.3    Private Practice by Staff Attorneys; Other Outside Activity         2
1.4    Political Activity by Staff                                         3

SECTION 2: COMPLAINTS AND INVESTIGATIONS
2.1    New Complaints                                                      4
2.2    Telephone Complaints                                               5
2.3    Stop-Salary Notices                                                5
2.4    Initial Review and Inquiry                                         5
2.5    Information on Complaint Summaries                                 6
2.6    Scope of Investigation                                            6
2.7    Subpoenas, Oaths & Testimony During an Investigation              7
2.8    Testimony by Judge During Investigation                           8
2.9    Judicial Hearing Officers, Administrative Law Judges, Housing Judges  9
2.10   Referrals to District Attorneys                                    9
2.11   Letters of Dismissal and Caution                                  10
2.12   Reconsideration of Matters Pursuant to Judiciary Law §§44(1), (2), (3)  10

SECTION 3:  FORMAL WRITTEN COMPLAINTS
3.1    Authorizing Formal Written Complaints                             11
3.2    Referee Appointments in Formal Written Complaint Cases            11
3.3    Hearing Locations                                                 12
3.4    Referee Reports                                                   13
3.5    Agreed Statements of Fact                                         13
3.6    Withdrawing Motions                                               13
3.7    Oral Arguments/Scheduling/Deliberations                          14
3.8    Prior Sanction and Caution Letters                               15
3.9    Record Upon Which a Determination Is Based                       16
3.10   Determinations: Distribution and Signature                       16
3.11   Record To Be Filed with Chief Judge                              16
3.12   Reconsideration of a Commission Determination that
       Has Been Filed with the Chief Judge of the Court of Appeals      17
3.13   Deferred Discipline                                              17
3.14   Standards for Imposing Judicial Discipline                       17

i

SECTION 4:  CONFIDENTIALITY
4.1    Communications with Other Agencies                                              18
4.2    Waiver of Confidentiality Pursuant to Judiciary Law Section 44(4)      18
4.3    Waiver of Confidentiality Pursuant to Judiciary Law Section 45          18
4.4    Cameras at Hearings or Oral Arguments                                         19
4.5    Press Releases and Statements                                                     19
4.6    Retention and Disposal of Records                                                 19

SECTION 5:  MISCELLANEOUS
5.1    Examination by Doctors/Medical Disability Cases                           20
5.2     Representation by Counsel                                                            20
5.3     Disqualification of Commission Members                                       20
5.4     Role of the Referee

## <u>INTRODUCTORY NOTE</u>

This Policy Manual concerns the internal management of the Commission. The policies herein complement the Commission's responsibilities and procedures as set forth in Article 6, Section 22, of the Constitution, Article 2-A of the Judiciary Law, and 22 NYCRR Part 7000.

These policies are directory, rather than mandatory.  Failure to adhere to a particular policy or procedure will not alter the rights afforded to any person involved in a Commission investigation or proceeding and shall not affect the validity of any investigation, hearing or other activity carried out by Commission staff.

No provision of this Policy Manual is intended, or should be interpreted, to expand or restrict the rights afforded to judges, or the authority granted to the Commission, staff or referees, by the Constitution, the Judiciary Law or the Commission's Operating Procedures & Rules (22 NYCRR §7000 *et seq.*).

## SECTION 1: STAFF

### 1.1    Administrator's Authority; Clerk of the Commission

As set forth in Judiciary Law Section 41 (7), the Administrator has authority over the hiring and firing of staff, assigning duties, setting salaries, etc., except that the Commission shall designate a Clerk of the Commission.

Reference should be made to the Commission's Operating Procedures and Rules (22 NYCRR 7000.13) regarding the duties of the Clerk of the Commission.

### 1.2    Court of Appeals Proceedings

In Court of Appeals proceedings, the Administrator serves as Counsel to the Commission, to represent the majority opinion of the Commission.

### 1.3    Private Practice by Staff Attorneys; Other Outside Activity

Staff attorneys may, in limited circumstances and with the written approval of the Administrator, engage in some *pro bono* private legal practice on their own time, provided that no Commission attorney may appear in any court within the New York State unified court system on such matters.  Any such practice must fully comply with all applicable ethics laws and regulations.  *See, e.g.,* Public Officers Law §73; 19 NYCRR Part 932.

There may be no private office, no association with a firm or other lawyers, no work for any business having Commission-related contracts, and no participation in protracted matters. Court appearances as a lawyer are strictly prohibited, and even appearances as a litigant (*e.g.* in a traffic case) must be discussed in advance with the Administrator.

Staff attorneys may not accept referral fees.

Commission employees may engage in compensated outside activity, such as law school teaching, on their own time, with the written approval of the Administrator.  Such compensated activity shall conform to the requirements of Public Officers Law §73; 19 NYCRR Part 932.  Where such activity is ongoing, the Administrator's approval must be renewed annually.

## 1.4   <u>Political Activity by Staff</u>

The Administrator and the Clerk of the Commission shall observe the same restrictions on political activity as the Commission.  *See* 22 NYCRR 7000.14.

No Commission employee may serve as an elected or an appointed officer or official of a political party, club or organization.

Where the Commission receives or already has a pending complaint against a judge whose election was either supported or opposed by a Commission employee, the employee must promptly notify the Administrator and play no role in the case.

Pursuant to this policy, any activity in support of or opposition to a judicial candidacy, other than voting in a primary or general election, would have to be reported when a complaint was received against the judge.[1]

This policy applies not only to individual campaigns run by a judge's campaign committee but also to campaigns for a slate of candidates that includes a judge or judicial candidate who is or later becomes the subject of a complaint.

---

[1] Examples of reportable activity would include distributing literature, making a financial contribution, collecting petition signatures, or canvassing potential voters by such means as telephone, mail or in person.

## SECTION 2: COMPLAINTS AND INVESTIGATIONS

**2.1**   **New Complaints**

(A)    All new complaints against judges or justices of the unified court system are reviewed by the Commission.  Staff shall submit copies of the actual complaint and a summary, analysis and recommendation.

(B)    Staff may not dismiss a complaint.  Staff may respond to subsequent complaints that involve the same allegations against the same judge without additional authorization from the Commission. Subsequent letters by the same complainant containing new allegations against the same judge, or allegations against a different judge, shall be treated as new complaints to be reviewed by the Commission.

(C)    No investigation may be commenced unless authorized by the Commission.

(D)    In between regularly scheduled Commission meetings, the Administrator may seek the Commission's authorization of an investigation by means such as telephone, videoconference, email or regular mail.  If a majority of the Commission approves, investigation may commence prior to the next regularly scheduled Commission meeting.

(E)    The Administrator may present memoranda to the Commission proposing investigation of complaints on the Commission's own motion, based on newspaper articles, oral complaints, public records or reports, or other information alleging or indicating possible judicial misconduct.[2]  The sources of such information should be identified for the Commission.

(F)    The Commission may authorize investigation of anonymous complaints that are sufficiently detailed and allege conduct that, if true, would constitute misconduct.  An anonymous complaint authorized for investigation shall be treated as a complaint brought by the Commission on its own motion pursuant to Judiciary Law §44(2).

---

[2] Pursuant to Judiciary Law §44(2), when the Commission authorizes an investigation on its own motion, the Administrator must put the complaint in writing and sign it.  That document is an "Administrator's Complaint."  22 NYCRR 7000.1(b).

(G)    Without specific authorization of the Commission, staff may not follow-up a caution, admonition or censure by communicating with the disciplined judge to determine whether he or she amended the conduct that resulted in the discipline.

## 2.2    Telephone Complaints

Callers should be advised that complaints must be in writing and signed. Staff may prepare summaries of telephone complaints for the Commission's meetings and, where appropriate, the Commission may authorize investigation.

## 2.3    Stop-Salary Notices

Pursuant to Town and Village Law, the Office of the State Comptroller may issue stop-salary notices for town and village justices who fail to file required financial reports or fail to properly account for moneys received.

A stop-salary notice from the Office of the State Comptroller is a complaint within the meaning of 22 NYCRR §7000.1(d).  The Commission hereby authorizes investigation upon receipt of any such complaint, provided however, that the matter is submitted to the Commission at its next regular meeting.

## 2.4    Initial Review and Inquiry

The Commission's Operating Procedures and Rules defines a pre-investigation "initial review and inquiry" as the "preliminary analysis and clarification" of a complaint and the "preliminary fact-finding activities of Commission staff intended to aid the Commission in determining whether or not to authorize an investigation with respect to such complaint." *See* 22 NYCRR §7000.1(i)

In carrying out an initial review and inquiry, staff may clarify complaints by interviewing complainants and their attorneys, interviewing the complainant's adversary and other lawyers in the matter, obtaining court records and transcripts, and obtaining public records.  When a law firm partner, agency head or other third party makes a complaint about an event known to an associate, staff may interview the associate.  Clarification shall not include issuing a subpoena or administering an oath, unless authorized by the Commission.

**2.5**   **Information on Complaint Summaries**

(A)   On its summary of a new complaint or the results of an investigation, staff may include the following information on prior complaints against the same judge:

(1) Any prior public or private discipline;

(2) Any pending investigation; and

(3) Any prior caution.

(B)   As to complaints previously dismissed without adverse action against the judge, the Commission adheres to Rule 18 of the ABA Model Rules for Judicial Disciplinary Enforcement.[3]

*Note:* This policy does not cover the introduction of prior discipline after a Formal Written Complaint has been issued. That issue is addressed under the "Formal Written Complaint" heading of this compilation of policies.

**2.6**   **Scope of Investigation**

(A)   Investigations shall be limited to conduct reasonably related to the complaint.  If, in the course of an investigation, Commission staff is made aware of clearly unrelated acts that may constitute judicial misconduct, such information should be reported to the Commission, which may authorize investigation of that conduct in a separate complaint.

(B)   Upon request from a judge, the Administrator shall advise the judge whether she or he is the subject of a complaint under investigation.

(C)   Staff need not provide copies or advise judges of the particular records examined in their courts.

(D)   When investigation of a complaint has been authorized, the Administrator, or staff acting on the Administrator's behalf, may request a judge's

---

[3] Rule 18: "If a complaint has been dismissed, the allegations made in that complaint shall not be used for any purpose in any judicial or lawyer disciplinary proceeding against the judge.  If additional information becomes known to disciplinary counsel regarding a complaint that has been dismissed before the filing of formal charges, the allegations may be reinvestigated with permission of [the Commission]."

written reply to the complaint or matters related thereto, unless the Commission has directed otherwise.

    (1)    As a general practice, when staff requests such a written reply from the judge, the judge should be provided with a copy of the complaint.

    (2)    If the complaint was authorized by the Commission on its own motion, *i.e.* an Administrator's Complaint pursuant to Judiciary Law §44(2), the judge should be advised of the nature of the underlying source, recognizing there are times when it is appropriate not to do so.

    (3)    If the judge's written reply is submitted by counsel, the judge should co-sign or submit a separate statement indicating that he or she has read and adopts it.

    (4)    The Administrator, or staff acting on the Administrator's behalf, should accommodate reasonable requests by the judge for additional time to prepare his or her written reply.

## 2.7    <u>Subpoenas, Oaths & Testimony During an Investigation</u>

(A)    Pursuant to statute, the Administrator may sign subpoenas in cases approved for investigation by the Commission.  Staff attorneys are authorized to administer oaths and take testimony.

(B)    The Administrator shall advise the Commission before issuing a subpoena directed to a judge or to a third party for a judge's personal records such as a personal bank account or medical records, allowing sufficient time and opportunity before serving such subpoena for the Commission to object.

(C)    Commission members are authorized individually to preside at the testimony of judicial or non-judicial witnesses in an investigation.  A referee may be designated for this purpose in lieu of a Commission member.  A referee does not have authority to issue subpoenas in such instances.

(D)    Staff attorneys may take testimony of non-judge witnesses without the presence of a Commission member or referee.

(E)    Witnesses may not record or transcribe Commission proceedings, whether by stenographic, electronic or other means.

## 2.8    <u>Testimony by Judge During Investigation</u>

(A)    The Commission must authorize the judge's appearance for testimony, which the Administrator may request in a staff summary at a regular Commission meeting, or by polling the members by email, fax, videoconference, telephone or mail.

(B)    The Commission member or referee presiding shall make an opening statement, substantially as follows:

> During the course of this proceeding, the judge may consult with his/her attorney. I will entertain requests for private conferences.

> Counsel may make objections to questions posed to the judge.  However, in making objections, counsel should take into account that this is an investigation and not a trial, and the rules of evidence do not apply.

> Counsel will have the opportunity to question the judge at the conclusion of questioning by the Commission's attorney.  This is subject to further questioning by the Commission's attorney.

> The judge and the judge's attorney may make initial and closing oral statements today and, within 7 days of receipt of the transcript, may submit a statement in writing.  Any other written materials may also be submitted at this appearance or within 7 days of receipt of the transcript.

The Commission member or referee shall thereafter administer an oath or affirmation to tell the truth prior to the taking of testimony

(C)    When a judge appears without counsel, the opening statement by the Commission member or referee should be substantially as follows:

> Judge, are you aware that you have the right to appear with counsel?  And have you chosen to appear today without counsel?

> During this proceeding, I will entertain requests for brief recesses. You may make objections to questions posed to you.  However, in making objections, please take into account that this is an investigation and not a trial, and the rules of evidence do not apply.

> You may make initial and closing oral statements today and, within 7 days of receipt of the transcript, you may submit a statement in writing.  Any other written materials may also be submitted at this appearance or within 7 days of receipt of the transcript.

(D)     A Commission member or referee need not be present for the testimony of a judge who is a witness but not the subject of the complaint being investigated.

(E)     If a judge has failed to respond to at least two letters from the Commission, the Administrator is authorized to require the judge's appearance for testimony before a Commission member or referee.

(F)     When a judge who is the subject of a complaint appears at the Commission to testify during an investigation, the complaint and the letter or other document inviting the judge to appear should be identified and made part of the record of the proceeding

(G)     The judge may not record or transcribe Commission proceedings, whether by stenographic, electronic or other means.   Pursuant to Judiciary Law § 44(3), the Commission will provide the judge with a transcript of his or her testimony at no cost.

(H)     The Administrator, or staff acting on the Administrator's behalf, should accommodate reasonable requests by the judge for additional time to prepare for his or her appearance for testimony.

## 2.9   Judicial Hearing Officers, Administrative Law Judges, Housing Judges

The Constitution confers jurisdiction to the Commission over judges and justices of the unified court system.  The Commission does not assume jurisdiction over judges or quasi-judicial officers who are not identified by the Constitution as judges or justices of the state unified court system, such as Judicial Hearing Officers, Administrative Law Judges or Housing Judges of the New York City Civil Court.  Where appropriate, the Commission shall refer complaints against such judges or quasi-judicial officers to the appropriate authority.

## 2.10   Referrals to District Attorneys

The Commission may refer a matter to a District Attorney or other prosecuting agency when it determines that there is evidence that a crime may have been committed.  Where staff requests that such a referral be made between regularly scheduled Commission meetings, at least eight members must be contacted and at least six must approve the referral.

**2.11   <u>Letters of Dismissal and Caution</u>**

The Commission may not issue a Letter of Dismissal and Caution pursuant to 22 NYCRR 7000.1(*l*) unless the judge has had the opportunity to be heard during the investigation.

**2.12   <u>Reconsideration of Matters Pursuant to</u>**
**          <u>Judiciary Law Sections 44(1), 44(2) and 44(3)</u>**

(A)    At the same Commission meeting in which action was taken pursuant to these sections, a motion to reconsider shall require the concurrence of a majority of the members present.

(B)    At a subsequent Commission meeting, a motion to reconsider prior action taken pursuant to these sections shall require a majority of the members present and shall only be permitted if the matter is on the meeting agenda and/or was the subject of a written request circulated in advance of the meeting to all Commission members and the Administrator.

(C)    Notwithstanding the foregoing, a motion to reconsider is not required for an individual member to change his or her vote, so long as the disposition of the matter would not change.

## SECTION 3:  FORMAL WRITTEN COMPLAINTS

### 3.1    Authorizing Formal Written Complaints

(A)    The Commission may authorize a Formal Written Complaint pursuant to Judiciary Law §44(4) where there is "a reasonable ground for belief in the existence of facts warranting the filing of formal charges for discipline."[4]

(B)    The Commission shall not vote to authorize a Formal Written Complaint against a judge unless the judge has had the opportunity to be heard during the investigation.

(C)    A vote to authorize service of a Formal Written Complaint shall take place in executive session, *i.e.* without the presence of the Administrator or Administrator's staff.  Prior to the vote the Commission may, in its discretion, discuss complaints for which a Formal Written Complaint is recommended in regular session, with staff present.

(D)    Following the executive session, the Clerk of the Commission shall advise the Administrator as to whether a Formal Written Complaint was authorized and the limitations, if any.  The Clerk shall not reveal the vote to the Administrator.

(E)    The actual Formal Written Complaint, as prepared and signed by the Administrator pursuant to statute, shall be served without prior review by the Commission or the Clerk.

### 3.2    Referee Appointments in Formal Written Complaint Cases

(A)    Referees are designated as follows.

(1)    In executive session, the Commission designates, in order of preference, at least three prospective referees in each case after the Commission has authorized a Formal Written Complaint.

(2)    A referee should be appointed no later than 90 days after the judge has been served with a Formal Written Complaint.  In appropriate circumstances, the Clerk of the Commission may consult with the Commission Chair and, with the Chair's

---

[4] Quoted language is from the ABA Model Rules for Judicial Disciplinary Enforcement, Terminology Section, definition of "Reasonable Cause."

approval, defer appointment of a referee beyond 90 days and report the reason to the Commission.

    (3)    The Clerk communicates with the prospective referees, in order of preference designated by the Commission, to ascertain their availability, advise them of the name of the respondent and determine whether there is a conflict in their serving.

    (4)    The Commission Chair or the Clerk signs an order appointing the referee.

    (B)    Except in unusual circumstances, an individual referee should be assigned to only one Commission case at a time.

    (C)    In an emergency matter requiring the selection and designation of a referee between scheduled Commission meetings, the Clerk of the Commission should communicate with the Chair of the Commission or the Chair of the Referee Committee, who should consult with the members of the Committee and recommend prospective referees.  The Clerk should thereafter seek approval of the full Commission by email, fax, videoconference, telephone, or mail.

    (D)    A referee should not be designated, and may not serve, while he or she personally, or his or her law firm, represents a judge before the Commission, or for at least two years after the last such representation ends.

    (E)    Judicial Hearing Officers may not serve as referees.

    (F)    The compensation for referees is $250 per day.

    (G)    The referee should be notified of the Commission's disposition of the case to which he or she was assigned, even if the disposition is confidential.

## 3.3    __Hearing Locations__

Hearings should be held at Commission offices.  Where that is not possible, arrangements may be made to hold hearings at confidential court facilities, conference facilities made available by the referee or other suitable locations, particularly where there is no cost involved in using the facility.  Staff will be responsible for electronic recording and transcribing and other administrative arrangements.

### 3.4    Referee Reports

(A)    Reference should be made to the Commission's operating procedures and rules at 22 NYCRR 7000.6(*l*) regarding the contents of and time frame for a referee's report.  The Clerk of the Commission should advise referees upon their appointment to file a report at their earliest convenience upon completion of a hearing, but except for unusual circumstances, no later than 30 days after post-hearing briefs are filed.  If a report has not been filed in a timely manner, the Clerk and/or the Chair should communicate reminders to the referee until the report is filed.

(B)    A referee's report proposes findings of fact and conclusions of law but is not binding on the Commission.  While the Commission accords due deference to a referee's report, particularly as to the credibility of witnesses who appeared before the referee, the Constitution, Judiciary Law and case law reserve to the Commission the authority and obligation to render the findings of fact and conclusions of law on which its determinations are based.

### 3.5    Agreed Statements of Fact

(A)    In negotiating an Agreed Statement of Facts, the Administrator and/or the respondent may recommend a particular sanction.  In such cases the recommended sanction should be incorporated in the Agreed Statement or otherwise memorialized in writing and submitted to the Commission with the Agreed Statement.

(B)    The Administrator and the respondent may submit an Agreed Statement of Facts with a joint recommendation as to sanction.

(C)    The Commission will either accept or reject the Agreed Statement *in toto*.  If accepted, a determination with the jointly recommended sanction will be filed; if rejected, the matter will proceed to a hearing or other procedure authorized by law or rule.  If the Agreed Statement is rejected, neither the parties nor the Commission is bound by the facts or statements therein.

### 3.6    Withdrawing Motions

Application may be made to the Commission by the moving party for withdrawal of a motion made to the Commission, upon written notice to the Commission and all interested parties.

**3.7**     **Oral Arguments/Scheduling/Deliberations**

(A)     Oral argument will not be entertained before the Commission regarding motions to dismiss a Formal Written Complaint, motions for summary determination, motions for reconsideration or any other motions, except as indicated below.

(B)     Oral argument will only be entertained before the Commission in the following circumstances, either on request of the Administrator (or his or her designee) or the respondent, or when directed by the Commission:

> (1)     After receipt of a referee's report;
>
> (2)     After the Commission's acceptance of an Agreed Statement of Facts, where sanction remains to be determined; or
>
> (3)     After the Commission grants a motion for summary determination, where sanction remains to be determined.

(C)     At oral argument before the Commission, the Administrator (or his or her designee) and respondent's attorney each shall have 30 minutes for their arguments.  The respondent shall be permitted 10 additional minutes for a personal presentation to the Commission, if he or she so chooses.

(D)     The Administrator may reserve a portion of his or her time for rebuttal.  Respondent's counsel may reserve a portion of his or her time, to speak after respondent and before the Administrator's rebuttal.

(E)     The order of oral argument shall be as follows:

> (1)     The Administrator, as the party with the burden,
>
> (2)     Respondent's counsel,
>
> (3)     Respondent (if he or she chooses to speak),
>
> (4)     Respondent's counsel (if time was reserved) and
>
> (5)     The Administrator (if time was reserved).

(F)     In the discretion of the Commission Chair, the time for argument may be extended. The Commission may interrupt counsel's arguments and the respondent's presentation with questions.

14

(G)     As a general practice, the issues of misconduct and sanction in a particular case should be dealt with in the same memoranda and at the same oral argument.

(H)     A member who is absent for an oral argument may not vote on the determination.

(I)     A member who is present when a vote is taken, but who did not participate in oral argument or is otherwise recused from a case, may not participate in the deliberation or vote but may be counted as "present" for quorum purposes.

(J)     Where oral argument was waived, a member who was absent when deliberations commenced may participate in both the discussion and vote when deliberation is resumed.

(K)     Reconsideration.

     (1)     As to any vote pertaining to a matter subject to a Formal Written Complaint where the result has not yet been communicated to the parties – such as whether to accept an Agreed Statement of Facts, or whether to sustain an individual charge of misconduct, or where a determination was reached to dismiss the Formal Written Complaint or to caution, admonish, censure, remove or retire the respondent judge, but the determination was not yet communicated to the respondent judge or filed with the Chief Judge of the Court of Appeals – a motion to reconsider shall require the presence of eight members and the concurrence of six members eligible to participate in the matter.

     (2)     Notwithstanding the foregoing, a motion to reconsider is not required for an individual member to change his or her vote, so long as the disposition of the matter would not change.

## 3.8     Prior Sanction and Caution Letters

(A)     If a prior sanction, letter of dismissal and caution or letter of caution is already in the record, it may be addressed in oral argument and memoranda to the Commission.

(B)     If a prior sanction, letter of dismissal and caution or letter of caution is not already in the record, it may be addressed in oral argument and memoranda to the Commission for purposes of sanction only.

## 3.9     Record Upon Which a Determination Is Based

(A)     The record of a formal disciplinary proceeding before the Commission begins with the Formal Written Complaint and includes the Answer, pre-hearing and post-hearing briefs, motions and other applications, transcripts of proceedings, exhibits received in evidence, the referee's report, any substantive correspondence, any prior discipline that was brought to the Commission's attention in the current proceeding and, where applicable, an Agreed Statement of Facts, motion for summary determination or stipulation in lieu of a hearing.  The briefs and oral argument, referee's report, and the Commission's determination shall be based upon the record of the proceeding to date.

(B)     Upon designation of a referee, the Clerk of the Commission shall advise the parties of the foregoing and that the transcript of the judge's investigative appearance is not part of the record unless properly introduced, in whole or part, and received at the hearing.

## 3.10    Determinations: Distribution and Signature

Draft determinations should be distributed to the Commission members by the Clerk in sealed envelopes.  Finalized determinations should be certified by signature of the Commission Chair or the Clerk of the Commission.

## 3.11    Record To Be Filed with Chief Judge

When the Commission files a determination with the Chief Judge of the Court of Appeals that a judge should be admonished, censured, removed or retired, the record to be filed with such determination should include all documents upon which the determination was based, beginning with the Formal Written Complaint and including the Answer, pre-hearing and post-hearing briefs, motions and other applications, transcripts of proceedings, exhibits received in evidence, the referee's report, any substantive correspondence, any prior discipline that was brought to the Commission's attention in the current proceeding and, where applicable, an Agreed Statement of Facts, motion for summary determination or stipulation in lieu of a hearing.

**3.12   Reconsideration of a Commission Determination that**
**Has Been Filed with the Chief Judge of the Court of Appeals**

Reconsideration of a Commission determination on motion of a party to the proceeding shall be made in conformance with 22 NYCRR §7000.6(f)(6).

**3.13   Deferred Discipline**

In appropriate cases, the Administrator and the respondent-judge may jointly propose and the Commission may approve deferring a disciplinary determination for a reasonable time, to permit the judge to complete a rehabilitation program or supplemental judicial education and training program.

**3.14   Standards for Imposing Judicial Discipline**

In rendering a disciplinary determination, the Commission shall be guided by the following standards and applicable case law.

(A)    From Article 6, §22(a), of the New York State Constitution: A judge may be disciplined "for cause, including, but not limited to, misconduct in office, persistent failure to perform [judicial] duties, habitual intemperance, and conduct, on or off the bench, prejudicial to the administration of justice."

(B)    From Rule 6(1) of the ABA Model Rules for Judicial Disciplinary Enforcement:  "The grounds for discipline are: (1) any conduct constituting a violation of the [New York Rules Governing] Judicial Conduct or other applicable ethics codes; or (2) a willful violation of a valid order of the highest court, [or the] Commission … in a proceeding under [Article 2A of the Judiciary Law or 22 NYCRR Part 7000], a willful failure to appear personally as directed, or a knowing failure to respond to a lawful demand from a disciplinary authority."

17

# SECTION 4:  CONFIDENTIALITY

## 4.1   Communications with Other Agencies

Communications with other agencies will be consistent with the confidentiality mandates of Judiciary Law Section 45.  Where appropriate, such as when serving subpoenas, communicating with courts or other agencies to secure, authenticate or verify records, or when interviewing witnesses, staff may indicate that there is an investigation pending.

## 4.2   Waiver of Confidentiality Pursuant to Judiciary Law Section 44(4)

Where a judge has waived confidentiality of a hearing pursuant to statute, those documents that would constitute the record of proceedings shall also be made available, including: the Formal Written Complaint, the Answer, pre-hearing and post-hearing briefs, motions and other applications, transcripts of proceedings, exhibits received in evidence, the referee's report, any substantive correspondence, any prior discipline that was brought to the Commission's attention in the current proceeding and, where applicable, an Agreed Statement of Facts, motion for summary determination or stipulation in lieu of a hearing.

## 4.3   Waiver of Confidentiality Pursuant to Judiciary Law Section 45

(A)   A waiver of confidentiality must be in writing and signed by the judge or former judge whose records are sought.

(B)   In general, and where not otherwise governed by law, the Commission shall release the following material on receipt of such a waiver:

   (1)   Any determination that the judge should be admonished, censured, removed or retired;

   (2)   Any determination or decision accepting the judge's departure from judicial office;

   (3)   Any other Commission disposition that has been made public by waiver, stipulation or otherwise according to law;

   (4)   Any Letter of Caution issued to the judge; and

   (5)   Any Letter of Dismissal and Caution issued to the judge.

Only the dispositional documents will be provided on receipt of such waiver. Upon request the Commission will make available any record of its proceedings that is now public pertaining to that judge.

(C)     A complaint dismissed without investigation, or a complaint dismissed without further action after investigation, will not be released.

(D)     As to pending complaints:

(1)     Where a matter is under investigation, the Commission will release the pending complaint.

(2)     Where a matter has proceeded to formal charges, the Commission will release the Formal Written Complaint and Answer (if one has been filed), and the record to date of the proceeding.

(E)     The Commission will notify the judge (or counsel if represented) as to material released in response to the waiver.

## 4.4     Cameras at Hearings or Oral Arguments

Neither cameras nor audio recording equipment (other than transcription media made by the Commission) will be permitted at hearings or oral arguments. In cases where the respondent-judge has waived confidentiality, the Commission may consider requests for exceptions to this policy.

## 4.5     Press Releases and Statements

Only the Administrator or the Chair will answer substantive press inquiries.

## 4.6     Retention and Disposal of Records

Where not otherwise governed by law, the retention or disposal of Commission records should be consistent with the State Administrative Records Act.

**SECTION 5:  MISCELLANEOUS**

**5.1**    **Examination by Doctors/Medical Disability Cases**

In appropriate situations, such as where a judge is alleged to be mentally or physically unfit to serve, or where the judge's capacity to participate in a hearing is at issue, the Commission may appoint a qualified physician to conduct and report on an independent medical examination of the judge.

**5.2**    **Representation by Counsel**

(A)    A judge or a witness may be represented by counsel at any and all stages of a Commission proceeding.

(B)    At a hearing, counsel for a witness may be present while his or her client is testifying, may request permission of the referee to consult with the client but may not object to questions, examine or cross-examine witnesses or otherwise participate in the proceedings.

**5.3**    **Disqualification of Commission Members**

(A)    A member of the Commission should disqualify himself/herself from a matter if his/her impartiality might reasonably be questioned.  In determining whether to disqualify from a matter, a Commission member should be guided by the disqualification standards set forth for judges in Section 100.3(E) of the Rules Governing Judicial Conduct.  A Commission member need not reveal the reason for his/her disqualification.

(B)    A Commission member who is disqualified from a matter should refrain from discussing any aspect of the matter with other Commission members and should leave the Commission meeting when there is a substantive discussion of the matter.

(C)    A Commission member who is disqualified from a matter should not receive substantive staff reports or other substantive material on that matter so long as it is pending.

**5.4**    **Role of the Referee**

There are two circumstances in which the Commission may ask a referee to preside:

(A)    In a matter under investigation, a judge may be asked to appear for testimony pursuant to Judiciary Law §44(3) and 22 NYCRR 7000.3(e) and (f).  This proceeding is <u>not</u> a formal disciplinary hearing pursuant to Judiciary §44(4).  The rules of evidence do not apply.[5]  Either a Commission member or a referee may preside, and the judge will be questioned under oath by an attorney on the Commission's staff.  The role of the Commission member or referee in such a proceeding is as follows.

(1)    To read the opening statement set forth in Policy 2.8 herein.

(2)    To maintain decorum and insure that all participants address and otherwise treat each other professionally.

(3)    To determine on request whether an area of questioning is reasonably related to the complaint.[6]

(4)    To consider requests for brief recesses.

(5)    To ask questions, when appropriate, for clarification purposes, typically at the end of a particular area of inquiry.

(6)    To see that the inquiry is conducted and concluded in a reasonably expeditious time frame.  If more than one day is necessary to complete the questioning, the adjourned date should be as soon as reasonably possible.

---

[5] See Policy 2.8 herein.  For example, documents shown to the witness-judge should be marked for identification and made part of the record, but the referee should not rule on whether to receive them in evidence because this is not a hearing. The witness-judge may be asked questions about documents or other evidence, by Commission counsel or his/her own attorney, without foundations being established as to their admissibility.

[6] In rendering such a ruling, the referee should be guided by the broad parameters of *New York State Commission on Judicial Conduct v Doe*, 61 NY2d 56, 61 (1984), in which the Court of Appeals underscored that the complaint represents

only the initiation of an investigation of judicial impropriety and not the institution of formal proceedings.  … Thus, the commission need not proffer facts in its complaint which would support formal charges.  … Nor must it tailor its request for information to relate precisely to specific allegations contained in the complaints. All that need be shown is that the information sought is reasonably related to the subject matter under investigation. … To hold otherwise would sharply curtail the commission's investigatory capabilities and render it ineffective as the instrument through which the State seeks to insure the integrity of its judiciary (citations omitted).

(B)     In a matter in which the Commission has authorized formal charges against a judge, *i.e.* a Formal Written Complaint pursuant to Judiciary Law §44(4), the role of the referee is equivalent to that of a trial court judge presiding over a non-jury trial.  The referee's responsibilities include setting hearing dates, maintaining decorum at the hearing, applying the rules of evidence in ruling on objections to questions or documents, and endeavoring to conduct and conclude the proceedings in a reasonably expeditious time frame, including the scheduling of post-hearing briefs and the submission of his/her report.  Reference should be made to the role of the referee as set forth in Section 7000.6 of the Commission's Operating Procedures and Rules (22 NYCRR 7000.6) and the policies herein.