# Judiciary Law

 

**The enabling legislation associated with the Constitution's creation of the Commission is Article 2-A of the Judiciary Law. The text of that statute follows.**

## JUDICIARY LAW

[§ 40. Definitions](#)

[§ 41. State commission on judicial conduct; organization](#)

[§ 42. Functions; powers and duties](#)

[§ 43. Panels; referees](#)

[§ 44. Complaint; investigation; hearing and disposition](#)

[§ 45. Confidentiality of records](#)

[§ 46. Breach of confidentiality of commission information](#)

[§ 47. Resignation not to divest commission or court of appeals of jurisdiction](#)

[§ 48. Courts on the judiciary; former commission on judicial conduct; jurisdiction and powers](#)

### ARTICLE 2-A. STATE COMMISSION ON JUDICIAL CONDUCT

#### § 40. Definitions

For the purposes of this article the following terms have the following meanings:

1. "Commission" means the state commission on judicial conduct.

2. "Judge" means a judge or justice of any court of the the unified court system.

3. "Hearing" means a proceeding under subdivision four of section forty-four of this article.

4. "Member of the bar" means a person admitted to the practice of law in this state for at least five years.

[Back to Top]

#### § 41. State commission on judicial conduct; organization

1. A state commission on judicial conduct is hereby established. The commission shall consist of eleven members, of whom four shall be appointed by the governor, one by the temporary president of the senate, one by the minority leader of the senate, one by the speaker of the assembly, one by the minority leader of the assembly and three by the chief judge of the court of appeals. Of the members appointed by the governor one person shall be a member of the bar of the state but not a judge, two shall not be members of the bar, judges or retired judges, and one shall be a judge. Of the members appointed by the chief judge one person shall be a justice of the appellate division of the supreme court, one person shall be a judge of a court other than the court of appeals or appellate divisions and one person shall be a justice of a town or village court. None of the persons to be appointed by the legislative leaders shall be judges or retired judges.

2. Membership on the commission by a judge shall not constitute the holding of a public office and no judge shall be required to take and file an oath of office before serving on the commission. The members of the commission shall elect one of their number to serve as chairman during his term of office or for a period of two years, whichever is shorter.

3. The persons first appointed by the governor shall have respectively one, two, three, and four year terms as he shall designate. The persons first appointed by the chief judge of the court of appeals shall have respectively two, three and four year terms as he shall designate. The person first appointed by the temporary president of the senate shall have a one year term. The person first appointed by the minority leader of the senate shall have a two year term. The person first appointed by the speaker of the assembly shall have a four year term. The person first appointed by the minority leader of the assembly shall have a three year term. Each member of the commission shall be appointed thereafter for a term of four years. Commission membership of a judge or justice appointed by the governor or the chief judge shall terminate if such member ceases to hold the judicial position which qualified him for such appointment. Membership shall also terminate if a member attains a position which would have rendered him ineligible for appointment at the time of his appointment. A vacancy shall be filled by the appointing officer for the remainder of the term.

4. If a member of the commission who is a judge is the subject of a complaint or investigation with respect to his qualifications, conduct, fitness to perform or performance of his official duties, he shall be disqualified from participating in any and all proceedings with respect thereto.

Each member of the commission shall serve without salary or other compensation, but shall be entitled to receive actual and necessary expenses incurred in the discharge of his or her duties.

6. For any action taken pursuant to subdivisions four through eight of section forty-four or subdivision two of section forty-three of this article, eight members of the commission shall constitute a quorum of the commission and the concurrence of six members of the commission shall be necessary. Two members of a three member panel of the commission shall constitute a quorum of the panel and the concurrence of two members of the panel shall be necessary for any action taken.

7. The commission shall appoint and at pleasure may remove an administrator who shall be a member of the bar who is not a judge or retired judge. The administrator of the commission may appoint such deputies, assistants, counsel, investigators and other officers and employees as he may deem necessary, prescribe their powers and duties, fix their compensation and provide for reimbursement of their expenses within the amounts appropriated therefor.

[Back to Top]

### § 42. Functions; powers and duties

The commission shall have the following functions, powers and duties:

1. To conduct hearings and investigations, administer oaths or affirmations, subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence that it may deem relevant or material to an investigation; and the commission may designate any of its members or any member of its staff to exercise any such powers, provided, however, that except as is otherwise provided in section forty-three of this article, only a member of the commission or the administrator shall exercise the power to subpoena witnesses or require the production of books, records, documents or other evidence.

2. To confer immunity when the commission deems it necessary and proper in accordance with section 50.20 of the criminal procedure law; provided, however, that at least forty-eight hours prior written notice of the commission's intention to confer such immunity is given the attorney general and the appropriate district attorney.

3. To request and receive from any court, department, division, board, bureau, commission, or other agency of the state or political subdivision thereof or any public authority such assistance, information and data as will enable it properly to carry out its functions, powers and duties.

4. To report annually, on or before the first day of March in each year and at such other times as the commission shall deem necessary, to the governor, the legislature and the chief judge of the court of appeals, with respect to proceedings which have been finally determined by the commission. Such reports may include legislative and administrative recommendations. The contents of the annual report and any other report shall conform to the provisions of this article relating to confidentiality.

5. To adopt, promulgate, amend and rescind rules and procedures, not otherwise inconsistent with law, necessary to carry out the provisions and purposes of this article. All such rules and procedures shall be filed in the offices of the chief administrator of the courts and the secretary of state.

6. To do all other things necessary and convenient to carry out its functions, powers and duties expressly set forth in this article.

[Back to Top]

### § 43. Panels; referees

1. The commission may delegate any of its functions, powers and duties to a panel of three of its members, one of whom shall be a member of the bar, except that no panel shall confer immunity in accordance with section 50.20 of the criminal procedure law. No panel shall be authorized to take any action pursuant to subdivisions four through eight of section forty-four of this article or subdivision two of this section.

2. The commission may designate a member of the bar who is not a judge or a member of the commission or its staff as a referee to hear and report to the commission in accordance with the provisions of section forty-four of this article. Such referee shall be empowered to conduct hearings, administer oaths or affirmations, subpoena witnesses, compel their attendance, examine them under oath or affirmation and require the production of any books, records, documents or other evidence that the referee may deem relevant or material to the subject of the hearing.

[Back to Top]

### § 44. Complaint; investigation; hearing and disposition

1. The commission shall receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform, or performance of official duties of any judge, and, in accordance with the provisions of subdivision d of section twenty-two of article six of the constitution, may determine that a judge be admonished, censured or removed from office for cause, including, but not limited to, misconduct in office, persistent failure to perform his duties, habitual intemperance and conduct, on or off the bench, prejudicial to the administration of justice, or that a judge be retired for mental or physical disability preventing the proper performance of his judicial ties. A complaint shall be in writing and signed by the complainant and, if directed by the commission, shall be verified. Upon receipt

of a complaint (a) the commission shall conduct an investigation of the complaint; or (b) the commission may dismiss the complaint if it determines that the complaint on its face lacks merit. If the complaint is dismissed, the commission shall so notify the complainant. If the commission shall have notified the judge of the complaint, the commission shall also notify the judge of such dismissal.

2. The commission may, on its own motion, initiate an investigation of a judge with respect to his qualifications, conduct, fitness to perform or the performance of his official duties. Prior to initiating any such investigation, the commission shall file as part of its record a written complaint, signed by the administrator of the commission, which complaint shall serve as the basis for such investigation.

3. In the course of an investigation, the commission may require the appearance of the judge involved before it, in which event the judge shall be notified in writing of his required appearance, either personally, at least three days prior to such appearance, or by certified mail, return receipt requested, at least five days prior to such appearance. In either case a copy of the complaint shall be served upon the judge at the time of such notification. The judge shall have the right to be represented by counsel during any and all stages of the investigation in which his appearance is required and to present evidentiary data and material relevant to the complaint. A transcript shall be made and kept with respect to all proceedings at which testimony or statements under oath of any party or witness shall be taken, and the transcript of the judge's testimony shall be made available to the judge without cost. Such transcript shall be confidential except as otherwise permitted by section forty-five of this article.

4. If in the course of an investigation, the commission determines that a hearing is warranted it shall direct that a formal written complaint signed and verified by the administrator be drawn and served upon the judge involved, either personally or by certified mail, return receipt requested. The judge shall file a written answer to the the complaint with the commission within twenty days of such service. If, upon receipt of the answer, or upon expiration of the time to answer, the commission shall direct that a hearing be held with respect to the complaint, the judge involved shall be notified in writing of the date of the hearing either personally, at least twenty days prior thereto, or by certified mail, return receipt requested, at least twenty-two days prior thereto. Upon the written request of the judge, the commission shall, at least five days prior to the hearing or any adjourned date thereof, make available to the judge without cost copies of all documents which the commission intends to present at such hearing and any written statements made by witnesses who will be called to give testimony by the commission. The commission shall, in any case, make available to the judge at least five days prior to the hearing or any adjourned date thereof any exculpatory evidentiary data and material relevant to the complaint. The failure of the commission to timely furnish any documents, statements and/or exculpatory evidentiary data and material provided for herein shall not affect the validity of any proceedings before the commission provided that such failure is not substantially prejudicial to the judge. The complainant may be notified of the hearing and unless he shall be subpoenaed as a witness by the judge, his presence thereat shall be within the discretion of the commission. The hearing shall not be public unless the judge involved shall so demand in writing. At the hearing the commission may take the testimony of witnesses and receive evidentiary data and material relevant to the complaint. The judge shall have the right to be represented by counsel during any and all stages of the hearing and shall have the right to call and cross-examine witnesses and present evidentiary data and material relevant to the complaint. A transcript of the proceedings and of the testimony of witnesses at the hearing shall be taken and kept with the records of the commission.

5. Subject to the approval of the commission, the administrator and the judge may agree on a statement of facts and may stipulate in writing that the hearing shall be waived. In such a case, the commission shall make its determination upon the pleadings and the agreed statement of facts.

6. If, after a formal written complaint has been served pursuant to subdivision four of this section, or during the course of or after a hearing, the commission determines that no further action is necessary, the complaint shall be dismissed and the complainant and the judge shall be so notified in writing.

7. After a hearing, the commission may determine that a judge be admonished, censured, removed or retired. The commission shall transmit its written determination, together with its findings of fact and conclusions of law and the record of the proceedings upon which its determination is based, to the chief judge of the court of appeals who shall cause a copy thereof to be served either personally or by certified mail, return receipt requested, on the judge involved. Upon completion of service, the determination of the commission, its findings and conclusions and the record of its proceedings shall be made public and shall be made available for public inspection at the principal office of the commission and at the office of the clerk of the court of appeals. The judge involved may either accept the determination of the commission or make written request to the chief judge, within thirty days after receipt of such determination, for a review thereof by the court of appeals. If the commission has determined that a judge be admonished or censured, and if the judge accepts such determination or fails to request a review thereof by the court of appeals, the commission shall thereupon admonish or censure him in accordance with its findings. If the commission has determined that a judge be removed or retired, and if the judge accepts such determination or fails to request a review thereof by the court of appeals, the court of appeals shall thereupon order his removal or retirement in accordance with the findings of the commission.

8. (a) The court of appeals may suspend a judge or justice from exercising the powers of his office while there is pending a determination by the commission for his removal or retirement, or while he is charged in this state with a felony by an indictment or an information filed pursuant to section six of article one of the constitution. The suspension shall continue upon conviction and, if the conviction becomes final, he shall be removed from office. The suspension shall be terminated upon reversal of the conviction and dismissal of the accusatory instrument.

(b) Upon the recommendation of the commission or on its own motion, the court may suspend a judge or justice from office when he is charged with a crime punishable as a felony under the laws of this state, or any other crime which involves moral turpitude. The suspension shall continue upon conviction and, if the conviction becomes final, he shall be removed from office. The suspension shall be terminated upon reversal of the conviction and dismissal of the accusatory instrument.

(c) A judge or justice who is suspended from office by the court shall receive his judicial salary during such period of suspension, unless the court directs otherwise. If the court has so directed and such suspension is thereafter terminated, the court may direct that he shall be paid his salary for such period of suspension.

(d) Nothing in this subdivision shall prevent the commission from determining that a judge or justice be admonished, censured, removed, or retired pursuant to subdivision seven of this section.

9. In its review of a determination of the commission, the court of appeals shall review the commission's findings of fact and conclusions of law on the record of the proceedings upon which the commission's determination was based. After such review, the court may accept or reject the determined sanction; impose a different sanction including admonition, censure, removal or retirement for the reasons set forth in subdivision one of this section; or impose no sanction.

10. If during the course of or after an investigation or hearing, the commission determines that the complaint or any allegation thereof warrants action, other than in accordance with the provisions of subdivisions seven and eight of this section, within the powers of: (a) a person having administrative jurisdiction over the judge involved in the complaint or; (b) an appellate division of the supreme court; or (c) a presiding justice of an appellate division of the supreme court; or (d) the chief judge of the court of appeals; or (e) the governor; or (f) an applicable district attorney's office or other prosecuting agency, the commission shall refer such complaint or the appropriate allegations thereof and any evidence or material related thereto to such person, agency or court for such action as may be deemed proper or necessary.

11. The commission shall notify the complainant of its disposition of the complaint.

[Back to Top]

## § 45. Confidentiality of records

1. Except as hereinafter provided, all complaints, correspondence, commission proceedings and transcripts thereof, other papers and data and records of the commission shall be confidential and shall not be made available to any person except pursuant to section forty-four of this article. The commission and its designated staff personnel shall have access to confidential material in the performance of their powers and duties. If the judge who is the subject of a complaint so requests in writing, copies of the complaint, the transcripts of hearings by the commission thereon, if any, and the dispositive action of the commission with respect to the complaint, such copies with any reference to the identity of any person who did not participate at any such hearing suitably deleted therefrom, except the subject judge or complainant, shall be made available for inspection and copying to the public, or to any person, agency or body designated by such judge.

2. Notwithstanding any provision in this section, the commission, with the consent of the applicant, shall provide the record of any proceeding pursuant to a formal written complaint against an applicant for judicial appointment in which the applicant's misconduct was established, any pending complaint against an applicant, and the record to date of any pending proceeding pursuant to a formal written complaint against an applicant for judicial appointment:

(a) to the commission on judicial nomination established by article three-A of this chapter, with respect to applicants for appointment to the court of appeals;

(b) to the governor with respect to all applicants whom the governor indicates are under consideration for any judicial appointment; and

(c) to the temporary president of the senate and the chairman of the senate judiciary committee with respect to all nominees for judicial appointments which are subject to the advice and consent of the senate. The commission shall respond within fifteen days of a request for the information provided for in this subdivision.

[Back to Top]

## § 46. Breach of confidentiality of commission information

1. Any staff member, employee or agent of the state commission on judicial conduct who violates any of the provisions of section forty-five of this article shall be subject to a reprimand, a fine, suspension or removal by the commission.

2. Within ten days after the commission has acquired knowledge that a staff member, employee or agent of the commission has or may have breached the provisions of section forty-five of this article, written charges against such staff member, employee or agent shall be prepared and signed by the chairman of the commission and filed with the commission. Within five days after receipt of charges, the commission shall determine, by a vote of the majority of all the members of the commission, whether probable cause for such charges exists. If such determination is affirmative, within five days thereafter a written statement specifying the charges in detail and outlining      rights under this section shall be forwarded to the accused staff member, employee or agent by certified mail. The commission may suspend the staff member, employee or agent, with or without pay, pending the final determination of the charges. Within ten days

after receipt of the statement of charges, the staff member, employee or agent shall notify the commission in writing whether he desires a hearing on the charges. The failure of the staff member, employee or agent to notify the commission of his desire to have a hearing within such period of time shall be deemed a waiver of the right to a hearing. If the hearing has been waived, the commission shall proceed, within ten days after such waiver, by a vote of a majority of all the members of such commission, to determine the charges and fix the penalty or punishment, if any, to be imposed as hereinafter provided.

3. Upon receipt of a request for a hearing, the commission shall schedule a hearing, to be held at the commission offices, within twenty days after receipt of the request therefor, and shall immediately notify in writing the staff member, employee or agent of the time and place thereof.

4. The commission shall have the power to establish necessary rules and procedures for the conduct of hearings under this section. Such rules shall not require compliance with technical rules of evidence. All such hearings shall be held before a hearing panel composed of three members of the commission selected by the commission. Each hearing shall be conducted by the chairman of the panel who shall be selected by the panel. The staff member, employee or agent shall have a reasonable opportunity to defend himself and to testify on his own behalf. He shall also have the right to be represented by counsel, to subpoena witnesses and to cross-examine witnesses. All testimony taken shall be under oath which the chairman of the panel is hereby authorized to administer. A record of the proceedings shall be made and a copy of the transcript of the hearing shall, upon written request, be furnished without charge to the staff member, employee or agent involved.

5. Within five days after the conclusion of a hearing, the panel shall forward a report of the hearing, including its findings and recommendations, including its recommendations as to penalty or punishment, if one is warranted, to the commission and to the accused staff member, employee or agent. Within ten days after receipt of such report the commission shall determine whether it shall implement the recommendations of the panel. If the commission shall determine to implement such recommendations, which shall include the penalty or punishment, if any, of a reprimand, a fine, suspension for a fixed time without pay or dismissal, it shall do so within five days after such determination. If the charges against the staff member, employee or agent are dismissed, he shall be restored to his position with full pay for any period of suspension without pay and the charges shall be expunged from his record.

6. The accused staff member, employee or agent may seek review of the determination of the commission by way of a special proceeding pursuant to article seventy-eight of the civil practice law and rules.

[Back to Top]

### § 47. Resignation not to divest commission or court of appeals of jurisdiction.

The jurisdiction of the court of appeals and the commission pursuant to this article shall continue notwithstanding that a judge resigns from office after a determination of the commission that the judge be removed from office has been transmitted to the chief judge of the court of appeals, or in any case in which the commission's determination that a judge should be removed from office shall be transmitted to the chief judge of the court of appeals within one hundred twenty days after receipt by the chief administrator of the courts of the resignation of such judge. Any determination by the court of appeals that a judge who has resigned should be removed from office shall render such judge ineligible to hold any other judicial office. The chief administrator of the courts shall give written notice to the commission of the resignation of any judge who is the subject of an investigation within five days after his receipt thereof.

[Back to Top]

### § 48. Courts on the judiciary; former commission on judicial conduct; jurisdiction and powers

Notwithstanding any other law to the contrary:

1. If a court on the judiciary shall have been convened before the first day of April, nineteen hundred seventy-eight, and the proceeding therein shall not have been concluded by that date, the court on the judiciary shall have continuing jurisdiction beyond that date to conclude the proceeding in accordance with the provisions of section twenty-two of article six of the constitution in effect on the thirty-first day of March, nineteen hundred seventy-eight.

2. If, pursuant to the former provisions of section twenty-two of article six of the constitution and article two-A of the judiciary law, a complaint had been received by the former commission on judicial conduct but a court on the judiciary had not been convened in respect to such matter on or before the thirty-first day of March, nineteen hundred seventy-eight, a court on the judiciary shall not be convened, and the provisions of section twenty-two of article six of the constitution, as such section took effect on the first day of April, nineteen hundred seventy-eight, and the provisions of this article shall apply.

3. All matters pending before the former commission on judicial conduct on the thirty-first day of March, nineteen hundred seventy-eight, shall be transferred to and, effective the first day of April, nineteen hundred seventy-eight, shall be pending before the commission on judicial conduct established by section twenty-two of article six of the constitution, as such section took effect on the first day of April, nineteen hundred seventy-eight, and all files and records of the former commission shall be transferred to, and shall become files and records of the new commission created by this article from and after the first day of April, nineteen hundred seventy-eight.

4. All provisions of law enacted to take effect on or after the first day of April, nineteen hundred seventy-eight, relating to procedures before the commission on judicial conduct established by section twenty-two of article six of the constitution, as such section took effect on the first day of April, nineteen hundred seventy-eight, and all rules adopted by such commission, shall apply to (1) all matters coming before the commission on or after the first day of April, nineteen hundred seventy-eight, and (2) all matters transferred to such commission pursuant to subdivision three of this section.

5. The commission shall succeed to the exercise of all of the functions, powers and duties of the former commission on judicial conduct including the power to continue any investigation, proceeding or matter pending undetermined before such former commission pursuant to the former provisions of article two-A of this chapter and the power to act as counsel to conduct any proceeding before a court on the judiciary, pursuant to the former provisions of subdivision f of section twenty-two of article six of the constitution, provided, however, that any recommendation or determination by the commission in any matter pending undetermined before such former commission shall be made in accordance with the provisions of this article.

6. Any action taken, function performed or proceeding conducted by the commission on judicial conduct pursuant to the authority of section twenty-two of article six of the constitution, as such section took effect on the first day of April nineteen hundred seventy-eight, prior to the date on which the provisions of this article became effective, are hereby legalized, ratified and confirmed.

[Back to Top]