# CODE OF ETHICS FOR MEMBERS OF THE NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT

## FILED WITH NYS ETHICS COMMISSION (1/30/2006)

1. **Definition.**

   As used in this Code, "Commission" shall mean the New York State Commission on Judicial Conduct.

2. **Rule with respect to conflicts of interest.**

   No member of the Commission should have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his/her duties in the public interest.

3. **Standards.**

   a. No member of the Commission should accept other employment which will impair his/her independence of judgment in the exercise of official duties.

   b. No member of the Commission should accept employment or engage in any business or professional activity which will require him/her to disclose confidential information which s/he has gained by reason of his/her position or authority.

   c. No member of the Commission should disclose confidential information acquired by him/her in the course of his/her official duties nor use such information to further his/her private interests.

   d. No member of the Commission should use or attempt to use his/her official position to secure unwarranted privileges or exemptions for himself/herself or others.

   e. No member of the Commission should engage in any transaction as representative or agent of the state with any business entity in which s/he has a direct or indirect financial interest that might reasonably tend to conflict with the proper discharge of his/her official duties.



f.  No member of the Commission should by his/her conduct give reasonable basis for the impression that any person can improperly influence him/her or unduly enjoy his/her favor in the performance of his/her official duties, or that s/he is affected by the kinship, rank, position or influence of any party or person.

g.  A member of the Commission should abstain from making personal investments in enterprises which s/he has reason to believe may be directly involved in decisions to be made by him/her or which will otherwise create substantial conflict between his/her duty in the public interest and his/her private interest.

h.  A member of the Commission should endeavor to pursue a course of conduct which will not raise suspicion among the public that s/he is likely to be engaged in acts that are in violation of his/her trust.

i.  A member of the Commission shall comply with all financial disclosure obligations as may be required by the state, whether such requirements are applicable to the Commission or to any entity in which the member has a financial interest.

**4.    Violations.**

Violations of this Code shall be dealt with in a manner provided by law. See Article 2-A of the Judiciary Law, Sections 41-48, and 22 NYCRR 7000.