12/5/21, 12:14 AM    Case 1:19-cr-00780-LAK   Document 138-5   Filed 12/06/21   Page 1 of 14
PART 100. Judicial Conduct | NYCOURTS.GOV

GOVERNMENT
EXHIBIT
546
S1 19 Cr. 780 (LAK)

# NYCOURTS.GOV

## Rules of the Chief Administrative Judge

*PART 100. Judicial Conduct*

Preamble
100.0 Terminology
100.1 A judge shall uphold the integrity and independence . . .
100.2 A judge shall avoid impropriety and the appearance . . .
100.3 A judge shall perform the duties of judicial office . . .
100.4 A judge shall so conduct the judge's extra-judicial . . .
100.5 A judge or candidate for elective judicial office shall . . .
100.6 Application of the rules of judicial conduct

**Preamble**

The rules governing judicial conduct are rules of reason. They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law and in the context of all relevant circumstances. The rules are to be construed so as not to impinge on the essential independence of judges in making judicial decisions.

The rules are designed to provide guidance to judges and candidates for elective judicial office and to provide a structure for regulating conduct through disciplinary agencies. They are not designed or intended as a basis for civil liability or criminal prosecution.

The text of the rules is intended to govern conduct of judges and candidates for elective judicial office and to be binding upon them. It is not intended, however, that every transgression will result in disciplinary action. Whether disciplinary action is appropriate, and the degree of discipline to be imposed, should be determined through a reasonable and reasoned application of the text and should depend on such factors as the seriousness of the transgression, whether there is a pattern of improper activity and the effect of the improper activity on others or on the judicial system.

The rules are not intended as an exhaustive guide for conduct. Judges and judicial candidates also should be governed in their judicial and personal conduct by general ethical standards. The rules are intended, however, to state basic standards which should govern their conduct and to provide guidance to assist them in establishing and maintaining high standards of judicial and personal conduct.

**Section 100.0 Terminology.**

The following terms used in this Part are defined as follows:

(A) A "candidate" is a person seeking selection for or retention in public office by election. A person becomes a candidate for public office as soon as he or she makes a public announcement of candidacy, or authorizes solicitation or acceptance of contributions.

(B) "Court personnel" does not include the lawyers in a proceeding before a judge.

(C) The "degree of relationship" is calculated according to the civil law system. That is, where the judge and the party are in the same line of descent, degree is ascertained by ascending or descending from the judge to the party, counting a degree for each person, including the party but excluding the judge. Where the judge and the party are in different lines of descent, degree is ascertained by ascending from the judge to the common ancestor, and descending to the party, counting a degree for each person in both lines, including the common ancestor and the party but excluding the judge. The following persons are relatives within the fourth degree of relationship: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, first cousin, child, grandchild, great-grandchild, nephew or niece. The sixth degree of relationship includes second cousins.

(D) "Economic interest" denotes ownership of a more than de minimis legal or equitable interest, or a relationship as officer, director, advisor or other active participant in the affairs of a party, except that

(1) ownership of an interest in a mutual or common investment fund that holds securities is not an economic interest in such securities unless the judge participates in the management of the fund or a proceeding pending or impending before the judge could substantially affect the value of the interest;

(2) service by a judge as an officer, director, advisor or other active participant in an educational, religious, charitable, cultural, fraternal or civic organization, or service by a judge's spouse or child as an officer, director, advisor or other active participant in any organization does not create an economic interest in securities held by that organization;

(3) a deposit in a financial institution, the proprietary interest of a policy holder in a mutual insurance company, of a depositor in a mutual savings association or of a member in a credit union, or a similar proprietary interest, is not an economic interest in the organization, unless a proceeding pending or impending before the judge could substantially affect the value of the interest;

(4) ownership of government securities is not an economic interest in the issuer unless a proceeding pending or impending before the judge could substantially affect the value of the securities.

(5) "De minimis" denotes an insignificant interest that could not raise reasonable questions as to a judge's impartiality.

(E) "Fiduciary" includes such relationships as executor, administrator, trustee, and guardian.

(F) "Knowingly", "knowledge", "known" or "knows" denotes actual knowledge of the fact in question. A person's knowledge may be inferred from circumstances.

(G) "Law" denotes court rules as well as statutes, constitutional provisions and decisional law.

(H) "Member of the candidate's family" denotes a spouse, child, grandchild, parent, grandparent or other relative or person with whom the candidate maintains a close familial relationship.

(I) "Member of the judge's family" denotes a spouse, child, grandchild, parent, grandparent or other relative or person with whom the judge maintains a close familial relationship.

(J) "Member of the judge's family residing in the judge's household" denotes any relative of a judge by blood or marriage, or a person treated by a judge as a member of the judge's family, who resides in the judge's household.

(K) "Nonpublic information" denotes information that, by law, is not available to the public. Nonpublic information may include but is not limited to: information that is sealed by statute or court order, impounded or communicated in camera; and information offered in grand jury proceedings, presentencing reports, dependency cases or psychiatric reports.

(L) A "part-time judge", including an acting part-time judge, is a judge who serves repeatedly on a part-time basis by election or under a continuing appointment.

(M) "Political organization" denotes a political party, political club or other group, the principal purpose of which is to further the election or appointment of candidates to political office.

(N) "Public election" includes primary and general elections; it includes partisan elections, nonpartisan elections and retention elections.

(O) "Require". The rules prescribing that a judge "require" certain conduct of others, like all of the rules in this Part, are rules of reason. The use of the term "require" in that context means a judge is to exercise reasonable direction and control over the conduct of those persons subject to the judge's direction and control.

(P) "Rules"; citation. Unless otherwise made clear by the citation in the text, references to individual components of the rules are cited as follows:

"Part"-refers to Part 100.

"Section"-refers to a provision consisting of 100 followed by a decimal (100.1).

"Subdivision"-refers to a provision designated by a capital letter (A).

"Paragraph"-refers to a provision designated by an arabic numeral (1).

"Subparagraph"-refers to a provision designated by a lower-case letter (a).

(Q) "Window Period" denotes a period beginning nine months before a primary election, judicial nominating convention, party caucus or other party meeting for nominating candidates for the elective judicial office for which a judge or non-judge is an announced candidate, or for which a committee or other organization has publicly solicited or supported the judge's or non-judge's candidacy, and ending, if the judge or non-judge is a candidate in the general election for that office, six months after the general election, or if he or she is not a candidate in the general election, six months after the date of the primary election, convention, caucus or meeting.

(R) "Impartiality" denotes absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge.

(S) An "independent" judiciary is one free of outside influences or control.

(T) "Integrity" denotes probity, fairness, honesty, uprightness and soundness of character. "Integrity" also includes a firm adherence to this Part or its standard of values.

(U) A "pending proceeding" is one that has begun but not yet reached its final disposition.

(V) An "impending proceeding" is one that is reasonably foreseeable but has not yet been commenced.

Historical Note
Sec. filed Feb. 1, 1996 eff. Jan. 1, 1996.

Amended (D) and (D)(5) on Sept. 9, 2004 .

Added (R) - (V) on Feb. 14, 2006

**Section 100.1 A judge shall uphold the integrity and independence of the judiciary**

An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Part 100 are to be construed and applied to further that objective.

Historical Note

Sec. filed Aug. 1, 1972; renum. 111.1, new added by renum. and amd. 33.1, filed Feb. 2, 1982; repealed, new filed Feb. 1, 1996 eff. Jan. 1, 1996.

**Section 100.2 A judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities.**

(A) A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

(B) A judge shall not allow family, social, political or other relationships to influence the judge's judicial conduct or judgment.

(C) A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.

(D) A judge shall not hold membership in any organization that practices invidious discrimination on the basis of age, race, creed, color, sex, sexual orientation, gender identity, gender expression, religion, national origin, disability or marital status. This provision does not prohibit a judge from holding membership in an organization that is dedicated to the preservation of religious, ethnic, cultural or other values of legitimate common interest to its members.

Historical Note

Sec. filed Aug. 1, 1972; renum. 111.2, new added by renum. and amd. 33.2, filed Feb. 2, 1982; repealed, new filed Feb. 1, 1996 eff. Jan. 1, 1996.

Amended (D) on Jun. 25, 2018

**Section 100.3 A judge shall perform the duties of judicial office impartially and diligently.**

(A) **Judicial Duties in General.** The judicial duties of a judge take precedence over all the judge's other activities. The judge's judicial duties include all the duties of the judge's office prescribed by law. In the performance of these duties, the following standards apply.

(B) **Adjudicative Responsibilities.**

(1) A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor or fear of criticism.

(2) A judge shall require order and decorum in proceedings before the judge.

(3) A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity, and shall require similar conduct of lawyers, and of staff, court officials and others subject to the judge's direction and control.

(4) A judge shall perform judicial duties without bias or prejudice against or in favor of any person. A judge in the performance of judicial duties shall not, by words or conduct, manifest bias or prejudice, including but not limited to bias or prejudice based upon age, race, creed, color, sex, sexual orientation, gender identity, gender expression, religion, national origin, disability, marital status or socioeconomic status, and shall require staff, court officials and others subject to the judge's direction and control to refrain from such words or conduct.

(5) A judge shall require lawyers in proceedings before the judge to refrain from manifesting, by words or conduct, bias or prejudice based upon age, race, creed, color, sex, sexual orientation, gender identity, gender

expression, religion, national origin, disability, marital status or socioeconomic status, against parties, witnesses, counsel or others. This paragraph does not preclude legitimate advocacy when age, race, creed, color, sex, sexual orientation, religion, national origin, disability, marital status or socioeconomic status, or other similar factors are issues in the proceeding.

(6) A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers concerning a pending or impending proceeding, except:

(a) Ex parte communications that are made for scheduling or administrative purposes and that do not affect a substantial right of any party are authorized, provided the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and the judge, insofar as practical and appropriate, makes provision for prompt notification of other parties or their lawyers of the substance of the ex parte communication and allows an opportunity to respond.

(b) A judge may obtain the advice of a disinterested expert on the law applicable to a proceeding before the judge if the judge gives notice to the parties of the person consulted and a copy of such advice if the advice is given in writing and the substance of the advice if it is given orally, and affords the parties reasonable opportunity to respond.

(c) A judge may consult with court personnel whose function is to aid the judge in carrying out the judge's adjudicative responsibilities or with other judges.

(d) A judge, with the consent of the parties, may confer separately with the parties and their lawyers on agreed-upon matters.

(e) A judge may initiate or consider any ex parte communications when authorized by law to do so.

(7) A judge shall dispose of all judicial matters promptly, efficiently and fairly.

(8) A judge shall not make any public comment about a pending or impending proceeding in any court within the United States or its territories. The judge shall require similar abstention on the part of court personnel subject to the judge's direction and control. This paragraph does not prohibit judges from making public statements in the course of their official duties or from explaining for public information the procedures of the court. This paragraph does not apply to proceedings in which the judge is a litigant in a personal capacity.

(9) A judge shall not:

(a) make pledges or promises of conduct in office that are inconsistent with the impartial performance of the adjudicative duties of the office;

(b) with respect to cases, controversies or issues that are likely to come before the court, make commitments that are inconsistent with the impartial performance of the adjudicative duties of the office.

(10) A judge shall not commend or criticize jurors for their verdict other than in a court order or opinion in a proceeding, but may express appreciation to jurors for their service to the judicial system and the community.

(11) A judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity.

(12) It is not a violation of this Rule for a judge to make reasonable efforts to facilitate the ability of unrepresented litigants to have their matters fairly heard.

(C) **Administrative Responsibilities.**

(1) A judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business.

(2) A judge shall require staff, court officials and others subject to the judge's direction and control to observe the standards of fidelity and diligence that apply to the judge and to refrain from manifesting bias or prejudice in the performance of their official duties.

(3) A judge shall not make unnecessary appointments. A judge shall exercise the power of appointment impartially and on the basis of merit. A judge shall avoid nepotism and favoritism. A judge shall not approve compensation of appointees beyond the fair value of services rendered. A judge shall not appoint or vote for the appointment of any person as a member of the judge's staff or that of the court of which the judge is a member, or as an appointee in a judicial proceeding, who is a relative within the fourth degree of relationship of either the judge or the judge's spouse or the spouse of such a person. A judge shall refrain from recommending a relative within the fourth degree of relationship of either the judge or the judge's spouse or the spouse of such person for appointment or employment to another judge serving in the same court. A judge also shall comply with the requirements of Part 8 of the Rules of the Chief Judge (22 NYCRR Part 8) relating to the Appointment of relatives of judges. Nothing in this paragraph shall prohibit appointment of the spouse, domestic partner, or unrelated household member of the town or village justice, or other relative as clerk of the town or village court in which such justice sits, provided that the justice obtains the prior approval of the Chief Administrator of the Courts, which may be given upon a showing of good cause.

(D) **Disciplinary Responsibilities.**

(1) A judge who receives information indicating a substantial likelihood that another judge has committed a substantial violation of this Part shall take appropriate action.

(2) A judge who receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the Rules of Professional Conduct (22 NYCRR Part 1200) shall take appropriate action.

(3) Acts of a judge in the discharge of disciplinary responsibilities are part of a judge's judicial duties.

(E) **Disqualification.**

(1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:

(a) (i) the judge has a personal bias or prejudice concerning a party or (ii) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

(b) the judge knows that (i) the judge served as a lawyer in the matter in controversy, or (ii) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or (iii) the judge has been a material witness concerning it;

(c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other interest that could be substantially affected by the proceeding;

(d) the judge knows that the judge or the judge's spouse, or a person known by the judge to be within the sixth degree of relationship to either of them, or the spouse of such a person:

(i) is a party to the proceeding;

(ii) is an officer, director or trustee of a party;

(iii) has an interest that could be substantially affected by the proceeding;

(e) The judge knows that the judge or the judge's spouse, or a person known by the judge to be within the fourth degree of relationship to either of them, or the spouse of such a person, is acting as a lawyer in the proceeding or is likely to be a material witness in the proceeding. Where the judge knows the relationship to be within the second degree, (i) the judge must disqualify him/herself without the possibility of remittal if such person personally appears in the courtroom during the proceeding or is likely to do so, but (ii) may permit remittal of disqualification provided such person remains permanently absent from the courtroom.

(f) the judge, while a judge or while a candidate for judicial office, has made a pledge or promise of conduct in office that is inconsistent with the impartial performance of the adjudicative duties of the office or has made a public statement not in the judge's adjudicative capacity that commits the judge with respect to

(i) an issue in the proceeding; or

(ii) the parties or controversy in the proceeding.

(g) notwithstanding the provisions of subparagraphs (c) and (d) above, if a judge would be disqualified because of the appearance or discovery, after the matter was assigned to the judge, that the judge individually or as fiduciary, the judge's spouse, or a minor child residing in his or her household has an economic interest in a party to the proceeding, disqualification is not required if the judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

(2) A judge shall keep informed about the judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the judge's spouse and minor children residing in the judge's household.

(F) **Remittal of Disqualification.** A judge disqualified by the terms of subdivision (E), except subparagraph (1)(a)(i), subparagraph (1)(b)(i) or (iii), or subparagraph (1)(d)(i) or subparagraph (1)(e)(i) of this section, may disclose on the record the basis of the judge's disqualification. If, following such disclosure of any basis for disqualification, the parties who have appeared and not defaulted and their lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge believes that he or she will be impartial and is willing to participate, the judge may participate in the proceeding. The agreement shall be incorporated in the record of the proceeding.

Amended (B)(9)-(11) & (E)(f) -(E)(g) Feb. 14, 2006

Amended (B)(9)-(11) & (E)(f) -(E)(g) Feb. 14, 2006

Amended (C)(3) on May 6, 2014

Added (B)(12) effective Mar. 26, 2015

Amended (B)(4) & (B)(5) on Jun. 25, 2018

Amended (E)(1)(e) & (F) on Dec. 12, 2018 effective January 1, 2019

Amended (D)(2) on May 7, 2019, effective May 6, 2019

**Section 100.4 A judge shall so conduct the judge's extra-judicial activities as to minimize the risk of conflict with judicial obligations**

(A) **Extra-Judicial Activities in General.** A judge shall conduct all of the judge's extra-judicial activities so that they do not:

(1) cast reasonable doubt on the judge's capacity to act impartially as a judge;

(2) detract from the dignity of judicial office; or

(3) interfere with the proper performance of judicial duties and are not incompatible with judicial office.

(B) **Avocational Activities.** A judge may speak, write, lecture, teach and participate in extra-judicial activities subject to the requirements of this Part.

(C) **Governmental, Civic, or Charitable Activities.**

(1) A full-time judge shall not appear at a public hearing before an executive or legislative body or official except on matters concerning the law, the legal system or the administration of justice or except when acting pro se in a matter involving the judge or the judge's interests.

(2)(a) A full-time judge shall not accept appointment to a governmental committee or commission or other governmental position that is concerned with issues of fact or policy in matters other than the improvement of the law, the legal system or the administration of justice. A judge may, however, represent a country, state or locality on ceremonial occasions or in connection with historical, educational or cultural activities.

(b) A judge shall not accept appointment or employment as a peace officer or police officer as those terms are defined in section 1.20 of the Criminal Procedure Law.

(3) A judge may be a member or serve as an officer, director, trustee or non-legal advisor of an organization or governmental agency devoted to the improvement of the law, the legal system or the administration of justice or of an educational, religious, charitable, cultural, fraternal or civic organization not conducted for profit, subject to the following limitations and the other requirements of this Part.

(a) A judge shall not serve as an officer, director, trustee or non-legal advisor if it is likely that the organization

(i) will be engaged in proceedings that ordinarily would come before the judge, or

(ii) if the judge is a full-time judge, will be engaged regularly in adversary proceedings in any court.

(b) A judge as an officer, director, trustee or non-legal advisor, or a member or otherwise:

 (i) may assist such an organization in planning fund-raising and may participate in the management and investment of the organization's funds, but shall not personally participate in the solicitation of funds or other fund-raising activities;

(ii) may not be a speaker or the guest of honor at an organization's fund-raising events, but the judge may attend such events. Nothing in this subparagraph shall prohibit a judge from being a speaker or guest of honor at a court employee organization, bar association or law school function or from accepting at another organization's fund-raising event an unadvertised award ancillary to such event;

(iii) may make recommendations to public and private fund-granting organizations on projects and programs concerning the law, the legal system or the administration of justice; and

(iv) shall not use or permit the use of the prestige of judicial office for fund-raising or membership solicitation, but may be listed as an officer, director or trustee of such an organization. Use of an organization's regular letterhead for fund-raising or membership solicitation does not violate this provision, provided the letterhead lists only the judge's name and office or other position in the organization, and, if comparable designations are listed for other persons, the judge's judicial designation.

(D) **Financial Activities.**

(1) A judge shall not engage in financial and business dealings that:

(a) may reasonably be perceived to exploit the judge's judicial position;

(b) involve the judge with any business, organization or activity that ordinarily will come before the judge; or

(c) involve the judge in frequent transactions or continuing business relationships with those lawyers or other persons likely to come before the court on which the judge serves.

(2) A judge, subject to the requirements of this Part, may hold and manage investments of the judge and members of the judge's family, including real estate.

(3) A full-time judge shall not serve as an officer, director, manager, general partner, advisor, employee or other active participant of any business entity, except that:

(a) the foregoing restriction shall not be applicable to a judge who assumed judicial office prior to July 1, 1965, and maintained such position or activity continuously since that date; and

(b) a judge, subject to the requirements of this Part, may manage and participate in a business entity engaged solely in investment of the financial resources of the judge or members of the judge's family; and

(c) any person who may be appointed to fill a full-time judicial vacancy on an interim or temporary basis pending an election to fill such vacancy may apply to the Chief Administrator of the Courts for exemption from this paragraph during the period of such interim or temporary appointment.

(4) A judge shall manage the judge's investments and other financial interests to minimize the number of cases in which the judge is disqualified. As soon as the judge can do so without serious financial detriment, the judge shall divest himself or herself of investments and other financial interests that might require frequent disqualification.

(5) A judge shall not accept, and shall urge members of the judge's family residing in the judge's household not to accept, a gift, bequest, favor or loan from anyone except:

(a) a gift incident to a public testimonial, books, tapes and other resource materials supplied by publishers on a complimentary basis for official use, or an invitation to the judge and the judge's spouse or guest to attend a bar-related function or an activity devoted to the improvement of the law, the legal system or the administration of justice;

(b) a gift, award or benefit incident to the business, profession or other separate activity of a spouse or other family member of a judge residing in the judge's household, including gifts, awards and benefits for the use of both the spouse or other family member and the judge (as spouse or family member), provided the gift, award or benefit could not reasonably be perceived as intended to influence the judge in the performance of judicial duties;

(c) ordinary social hospitality;

(d) a gift from a relative or friend, for a special occasion such as a wedding, anniversary or birthday, if the gift is fairly commensurate with the occasion and the relationship;

(e) a gift, bequest, favor or loan from a relative or close personal friend whose appearance or interest in a case would in any event require disqualification under section 100.3(E);

(f) a loan from a lending institution in its regular course of business on the same terms generally available to persons who are not judges;

(g) a scholarship or fellowship awarded on the same terms and based on the same criteria applied to other applicants; or

(h) any other gift, bequest, favor or loan, only if: the donor is not a party or other person who has come or is likely to come or whose interests have come or are likely to come before the judge; and if its value exceeds $150.00, the judge reports it in the same manner as the judge reports compensation in Section 100.4(H).

(E) **Fiduciary Activities.**

(1) A full-time judge shall not serve as executor, administrator or other personal representative, trustee, guardian, attorney in fact or other fiduciary, designated by an instrument executed after January 1, 1974, except for the estate, trust or person of a member of the judge's family, or, with the approval of the Chief Administrator of the Courts, a person not a member of the judge's family with whom the judge has maintained a longstanding personal relationship of trust and confidence, and then only if such services will not interfere with the proper performance of judicial duties.

(2) The same restrictions on financial activities that apply to a judge personally also apply to the judge while acting in a fiduciary capacity.

(3) Any person who may be appointed to fill a full-time judicial vacancy on an interim or temporary basis pending an election to fill such vacancy may apply to the Chief Administrator of the Courts for exemption from paragraphs (1) and (2) during the period of such interim or temporary appointment.

(F) **Service as Arbitrator or Mediator.** A full-time judge shall not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law.

(G) **Practice of Law.** A full-time judge shall not practice law. Notwithstanding this prohibition, a judge may act pro se and may, without compensation, give legal advice to a member of the judge's family.

(H) **Compensation, Reimbursement and Reporting.**

(1) *Compensation and Reimbursement.* A full-time judge may receive compensation and reimbursement of expenses for the extra-judicial activities permitted by this Part, if the source of such payments does not give the appearance of influencing the judge's performance of judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:

(a) Compensation shall not exceed a reasonable amount nor shall it exceed what a person who is not a judge would receive for the same activity.

(b) Expense reimbursement shall be limited to the actual cost of travel, food and lodging reasonably incurred by the judge and, where appropriate to the occasion, by the judge's spouse or guest. Any payment in excess of such an amount is compensation.

(c) No full-time judge shall solicit or receive compensation for extra-judicial activities performed for or on behalf of: (1) New York State, its political subdivisions or any office or agency thereof; (2) a school, college or university that is financially supported primarily by New York State or any of its political subdivisions, or any officially recognized body of students thereof, except that a judge may receive the ordinary compensation for a lecture or for teaching a regular course of study at any college or university if the teaching does not conflict with the proper performance of judicial duties; or (3) any private legal aid bureau or society designated to represent indigents in accordance with article 18-B of the County Law.

(2) *Public Reports.* A full-time judge shall report the date, place and nature of any activity for which the judge received compensation in excess of $150, and the name of the payor and the amount of compensation so received. Compensation or income of a spouse attributed to the judge by operation of a community property law is not extra-judicial compensation to the judge. The judge's report shall be made at least annually and shall be filed as a public document in the office of the clerk of the court on which the judge serves or other office designated by law.

(I) **Financial Disclosure.** Disclosure of a judge's income, debts, investments or other assets is required only to the extent provided in this section and in section 100.3(F), or as required by Part 40 of the Rules of the Chief Judge (22 NYCRR Part 40), or as otherwise required by law.

Historical Note
Sec. filed Aug. 1, 1972; amd. filed Nov. 26, 1976; renum. 111.4, new added by renum. and amd. 33.4, filed Feb. 2, 1982; repealed, new filed Feb. 1, 1996; amds. filed: Feb. 27, 1996; Feb. 9, 1998 eff. Jan. 23, 1998. Amended (C)(3)(b)(ii).

**Section 100.5 A judge or candidate for elective judicial office shall refrain from inappropriate political activity.**

(A) **Incumbent Judges and Others Running for Public Election to Judicial Office.**

(1) Neither a sitting judge nor a candidate for public election to judicial office shall directly or indirectly engage in any political activity except (i) as otherwise authorized by this section or by law, (ii) to vote and to identify himself or herself as a member of a political party, and (iii) on behalf of measures to improve the law, the legal system or the administration of justice. Prohibited political activity shall include:

(a) acting as a leader or holding an office in a political organization;

(b) except as provided in Section 100.5(A)(3), being a member of a political organization other than enrollment and membership in a political party;

(c) engaging in any partisan political activity, provided that nothing in this section shall prohibit a judge or candidate from participating in his or her own campaign for elective judicial office or shall restrict a non-judge holder of public office in the exercise of the functions of that office;

(d) participating in any political campaign for any office or permitting his or her name to be used in connection with any activity of a political organization;

(e) publicly endorsing or publicly opposing (other than by running against) another candidate for public office;

(f) making speeches on behalf of a political organization or another candidate;

(g) attending political gatherings;

(h) soliciting funds for, paying an assessment to, or making a contribution to a political organization or candidate; or

(i) purchasing tickets for politically sponsored dinners or other functions, including any such function for a non-political purpose.

(2) A judge or non-judge who is a candidate for public election to judicial office may participate in his or her own campaign for judicial office as provided in this section and may contribute to his or her own campaign as permitted under the Election Law. During the Window Period as defined in subdivision (Q) of section 100.0 of this Part, a judge or non-judge who is a candidate for public election to judicial office, except as prohibited by law, may:

(i) attend and speak to gatherings on his or her own behalf, provided that the candidate does not personally solicit contributions;

(ii) appear in newspaper, television and other media advertisements supporting his or her candidacy, and distribute pamphlets and other promotional campaign literature supporting his or her candidacy;

(iii) appear at gatherings, and in newspaper, television and other media advertisements with the candidates who make up the slate of which the judge or candidate is a part;

(iv) permit the candidate's name to be listed on election materials along with the names of other candidates for elective public office;

(v) purchase two tickets to, and attend, politically sponsored dinners and other functions, provided that the cost of the ticket to such dinner or other function shall not exceed the proportionate cost of the dinner or function. The cost of the ticket shall be deemed to constitute the proportionate cost of the dinner or function if the cost of the ticket is $250 or less. A candidate may not pay more than $250 for a ticket unless he or she obtains a

statement from the sponsor of the dinner or function that the amount paid represents the proportionate cost of the dinner or function.

(3) A non-judge who is a candidate for public election to judicial office may also be a member of a political organization and continue to pay ordinary assessments and ordinary contributions to such organization.

(4) A judge or a non-judge who is a candidate for public election to judicial office:

(a) shall maintain the dignity appropriate to judicial office and act in a manner consistent with the impartiality, integrity and independence of the judiciary, and shall encourage members of the candidate's family to adhere to the same standards of political conduct in support of the candidate as apply to the candidate;

(b) shall prohibit employees and officials who serve at the pleasure of the candidate, and shall discourage other employees and officials subject to the candidate's direction and control, from doing on the candidate's behalf what the candidate is prohibited from doing under this Part;

(c) except to the extent permitted by Section 100.5(A)(5), shall not authorize or knowingly permit any person to do for the candidate what the candidate is prohibited from doing under this Part;

(d) shall not:

(i) make pledges or promises of conduct in office that are inconsistent with the impartial performance of the adjudicative duties of the office;

(ii) with respect to cases, controversies or issues that are likely to come before the court, make commitments that are inconsistent with the impartial performance of the adjudicative duties of the office;

(iii) knowingly make any false statement or misrepresent the identity, qualifications, current position or other fact concerning the candidate or an opponent; but

(e) may respond to personal attacks or attacks on the candidate's record as long as the response does not violate subparagraphs 100.5(A)(4)(a) and (d).

(f) shall complete a campaign ethics education program developed or approved by the Chief Administrator or his or her designee within 30 days after the candidate makes a public announcement of candidacy, files a designating petition with the Board of Elections, receives a nomination for judicial office, or authorizes solicitation or acceptance of contributions, whichever is earliest.  Written proof of compliance must be filed with the Judicial Campaign Ethics Center within 14 days of completing the training, unless the candidate is granted a waiver of this requirement for good cause shown. This provision shall apply to all candidates for elective judicial office in the Unified Court System except for town and village justices.

(g) shall file with the Ethics Commission for the Unified Court System a financial disclosure statement containing the information and in the form set forth in the Annual Statement of Financial Disclosure adopted by the Chief Judge of the State of New York. Such statement shall be filed within 20 days following the date on which the judge or non-judge becomes such a candidate; provided, however, that the Ethics Commission for the Unified Court System may grant an additional period of time within which to file such statement in accordance with rules promulgated pursuant to section 40.1(i)(3) of the Rules of the Chief Judge of the State of New York (22 NYCRR). Notwithstanding the foregoing, compliance with this subparagraph shall not be necessary where a judge or non-judge already is or was required to file a financial disclosure statement for the preceding calendar year pursuant to Part 40 of the Rules of the Chief Judge. This requirement shall not apply to candidates for election to town and village courts.

(5) A judge or candidate for public election to judicial office shall not personally solicit or accept campaign contributions, but may establish committees of responsible persons to conduct campaigns for the candidate through media advertisements, brochures, mailings, candidate forums and other means not prohibited by law. Such committees may solicit and accept reasonable campaign contributions and support from the public, including lawyers, manage the expenditure of funds for the candidate's campaign and obtain public statements

of support for his or her candidacy. Such committees may solicit and accept such contributions and support only during the Window Period. A candidate shall not use or permit the use of campaign contributions for the private benefit of the candidate or others.

(6) A judge or a non-judge who is a candidate for public election to judicial office may not permit the use of campaign contributions or personal funds to pay for campaign-related goods or services for which fair value was not received.

(B) **Judge as Candidate for Nonjudicial Office.** A judge shall resign from judicial office upon becoming a candidate for elective nonjudicial office either in a primary or in a general election, except that the judge may continue to hold judicial office while being a candidate for election to or serving as a delegate in a state constitutional convention if the judge is otherwise permitted by law to do so.

(C) **Judge's Staff.** A judge shall prohibit members of the judge's staff who are the judge's personal appointees from engaging in the following political activity:

(1) holding an elective office in a political organization, except as a delegate to a judicial nominating convention or a member of a county committee other than the executive committee of a county committee;

(2) contributing, directly or indirectly, money or other valuable consideration in amounts exceeding $500 in the aggregate during any calendar year to all political campaigns for political office, and other partisan political activity including, but not limited to, the purchasing of tickets to political functions, except that this $500 limitation shall not apply to an appointee's contributions to his or her own campaign. Where an appointee is a candidate for judicial office, reference also shall be made to appropriate sections of the Election Law;

(3) personally soliciting funds in connection with a partisan political purpose, or personally selling tickets to or promoting a fund-raising activity of a political candidate, political party, or partisan political club; or

(4) political conduct prohibited by section 50.5 of the Rules of the Chief Judge (22 NYCRR 50.5).

Historical Note

Sec. filed Aug. 1, 1972; renum. 111.5, new added by renum. and amd. 33.5, filed Feb. 2, 1982; amds. filed: Dec. 21, 1983; May 8, 1985; March 2, 1989; April 11, 1989; Oct. 30, 1989; Oct. 31, 1990; repealed, new filed; amd. filed March 25, 1996 eff. March 21, 1996. Amended (A)(2)(v).

Amended 100.5 (A)(2)(v), (A)(4)(a), (A)(4)(d)(i)-(ii), (A)(4)(f), (A)(6), (A)(7) on Feb. 14, 2006

Added 100.5 (A)(4)(g) on Sept. 1, 2006

Amended 100.5 (A)(4)(g) on Sept. 1, 2006

Amended 100.5 (A)(4)(f) on Oct. 24, 2007

Deleted 100.5(A)(7) on May 7, 2019, effective May 6, 2019

Amended 100.5 (A)(4)(f) on January 13, 2020, effective January 31, 2020

### Section 100.6 Application of the rules of judicial conduct.

(A) **General Application.** All judges in the unified court system and all other persons to whom by their terms these rules apply, e.g., candidates for elective judicial office, shall comply with these rules of judicial conduct, except as provided below. All other persons, including judicial hearing officers, who perform judicial functions within the judicial system shall comply with such rules in the performance of their judicial functions and otherwise shall so far as practical and appropriate use such rules as guides to their conduct.

(B) **Part-Time Judge.** A part-time judge:

(1) is not required to comply with sections 100.4(C)(1), 100.4(C)(2)(a), 100.4(C)(3)(a)(ii), 100.4(E)(1), 100.4(F), 100.4(G), and 100.4(H);

(2) shall not practice law in the court on which the judge serves, or in any other court in the county in which his or her court is located, before a judge who is permitted to practice law, and shall not act as a lawyer in a proceeding in which the judge has served as a judge or in any other proceeding related thereto;

(3) shall not permit his or her partners or associates to practice law in the court in which he or she is a judge, and shall not permit the practice of law in his or her court by the law partners or associates of another judge of the same court who is permitted to practice law, but may permit the practice of law in his or her court by the partners or associates of a judge of a court in another town, village or city who is permitted to practice law;

(4) may accept private employment or public employment in a federal, state or municipal department or agency, provided that such employment is not incompatible with judicial office and does not conflict or interfere with the proper performance of the judge's duties.

(5) Nothing in this rule shall further limit the practice of law by the partners or associates of a part-time judge in any court to which such part-time judge is temporarily assigned to serve pursuant to section 106(2) of the Uniform Justice Court Act or Section 107 of the Uniform City Court Act in front of another judge serving in that court before whom the partners or associates are permitted to appear absent such temporary assignment.

(C) **Administrative Law Judges.** The provisions of this Part are not applicable to administrative law judges unless adopted by the rules of the employing agency.

(D) **Time for Compliance.** A person to whom these rules become applicable shall comply immediately with all provisions of this Part, except that, with respect to sections 100.4(D)(3) and 100.4(E), such person may make application to the Chief Administrator for additional time to comply, in no event to exceed one year, which the Chief Administrator may grant for good cause shown.

(E) **Relationship to Code of Judicial Conduct.** To the extent that any provision of the Code of Judicial Conduct as adopted by the New York State Bar Association is inconsistent with any of these rules, these rules shall prevail.

Historical Note
Sec. filed Aug. 1, 1972; repealed, new added by renum. 100.7, filed Nov. 26, 1976; renum. 111.6, new added by renum. and amd. 33.6, filed Feb. 2, 1982; repealed, new filed Feb. 1, 1996 eff. Jan. 1, 1996.

Amended 100.6(E) Feb. 14, 2006

Added 100.6(B)5 on Mar. 24, 2010