

**NEW YORK STATE**
**JOINT COMMISSION ON PUBLIC ETHICS**

# COMPREHENSIVE ETHICS TRAINING COURSE

REVISED SEPTEMBER 10, 2015

## COMPREHENSIVE ETHICS TRAINING COURSE

### Purpose of Ethics Training

Ethics laws were enacted to prevent both actual and apparent conflicts of interest between official duties and private interests. The purpose of this ethics training is to educate New York State Officers and Employees about the ethics laws, regulations and policies they are obligated to uphold.

In this way, this training seeks to prevent ethics violations before they occur.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

**GOVERNMENT EXHIBIT 528**
S1 19 Cr. 780 (LAK)

## CETC TOPIC OVERVIEW

- JCOPE Overview
- Advice and Guidance
- Investigation and Enforcement
- Ethics Training
- Financial Disclosure – POL §73-a
- The Code of Ethics – POL §74
- Other Applications of POL §74
  - Reverse Two-Year Bar
  - Negotiation of Future Employment

- Public Officers Law §73
  - Outside Activities
  - Nepotism Restrictions
  - Gifts
  - Honorarium
- Official Activity Expense Payments
- Public Service Announcements with Covered Officials
- Post-employment Restrictions
- Civil Service Law §107

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



# JCOPE
# OVERVIEW





## JCOPE OVERVIEW

### Public Integrity Reform Act of 2011

The Public Integrity Reform Act of 2011 **("PIRA")** established the Joint Commission on Public Ethics **("JCOPE")** which expanded the existing functions and jurisdiction of the former Commission on Public Integrity.

NYS JOINT COMMISSION ON PUBLIC ETHICS WWW.JCOPE.NY.GOV

## JCOPE OVERVIEW

### JCOPE Jurisdiction

- Executive Branch officers and employees, including employees of SUNY & CUNY
- Four Statewide Elected Officials and candidates for those offices
- Members of the Legislature and candidates for those offices
- Legislative employees
- Lobbyists, Clients and Public Corporations as defined in Article 1-A of the Legislative Law (the "Lobbying Act")
- Political Party Chairpersons as defined in Public Officers Law §73(k)

NYS JOINT COMMISSION ON PUBLIC ETHICS WWW.JCOPE.NY.GOV

## JCOPE OVERVIEW

### Core Functions of JCOPE

- Ethics oversight through financial disclosure for Executive and Legislative Branch Officers and Employees

- Lobbying oversight through Lobbyist and Client reporting

- Training and Education

- Advice and Guidance

- Investigating and/or enforcing possible violations of:
  i.   the Lobbying Act by lobbyists and clients;
  ii.  the Public Officers Law by Executive and Legislative Branch employees; and
  iii. violations of Civil Service Law §107 ("Little Hatch Act") by Executive Branch employees

NYS JOINT COMMISSION ON PUBLIC ETHICS                                    WWW.JCOPE.NY.GOV

## JCOPE OVERVIEW

### Applicable Ethics Laws and Regulations

- **Public Officers Law §73-a:** Financial Disclosure Statements ("FDSs")
  - ➤ 19 NYCRR Part 935: FDS Exemption
  - ➤ 19 NYCRR Part 936: FDS Extension
  - ➤ 19 NYCRR Part 937: Access to Publicly Available Records
  - ➤ 19 NYCRR Part 941.19: Appeals from denials for FDS redactions and exemptions

- **Public Officers Law §74:** The Code of Ethics

- **Public Officers Law §73:** Outside employment and professional activities, restriction on political activities, nepotism, gifts, honorarium, travel, negotiations on future employment, and post employment restrictions.
  - ➤ 19 NYCRR Part 930: Honoraria
  - ➤ 19 NYCRR Part 931: Official Activity Expense Payments
  - ➤ 19 NYCRR Part 932: Outside Activities
  - ➤ 19 NYCRR Part 933: Gift Regulations
  - ➤ 19 NYCRR Part 940 Public Service Announcements with Covered Officials
  - ➤ 19 NYCRR Part 941: Adjudicatory Proceeding Regulations

- **Civil Service Law §107:** Political Activity

NYS JOINT COMMISSION ON PUBLIC ETHICS                                    WWW.JCOPE.NY.GOV











JCOPE
INVESTIGATION AND
ENFORCEMENT

## INVESTIGATION AND ENFORCEMENT

### Investigation and Enforcement Procedures

- If JCOPE is going to commence an investigation, the subject will receive notice and an opportunity to be heard.

- All communications and records related to such an investigation are confidential unless and until JCOPE issues a Substantial Basis Investigation Report, which sets forth facts and legal analysis demonstrating there is a substantial basis to conclude that an ethics violation has occurred.

- Issuance of a Substantial Basis Investigation Report starts a formal hearing process.

- Hearing is conducted by an independent hearing officer in accordance with JCOPE's adjudicatory proceeding regulations set forth in **19 NYCRR Part 941.**

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## INVESTIGATION AND ENFORCEMENT

### Enforcement Procedures



- Hearing officer makes a recommendation to JCOPE concerning the facts and civil penalty amount.

- JCOPE may adopt in whole or in part, the hearing officer's findings of fact and penalty recommendation, or may reverse, remand or dismiss the case based on the record produced at the hearing.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV

## INVESTIGATION AND ENFORCEMENT

### Civil Penalty Amounts

#### Public Officers Law §§73*, 73-a, and Civil Service Law §107

- Civil penalty up to $40,000 and the value of any gift, compensation or benefit received.

    **\*For certain violations of Public Officers Law §73 JCOPE may, in lieu of or in addition to such civil penalties, refer the matter to the appropriate prosecutor (Class A misdemeanor)**

#### Public Officers Law §74(3) (b), (c), (d) and (i):

- Civil penalty of up to $10,000

#### Public Officers Law §74(3) (a), (e), and (g):

- Civil penalty in an amount not to exceed the value of any gift, compensation or benefit received as a result of such violation

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV



# ETHICS TRAINING

## ETHICS TRAINING

### Mandatory Ethics Training for FDS Filers

All persons who are required to file an annual Statement of Financial Disclosure ("FDS") are required to complete this ethics training when they become subject to the FDS filing requirement, and retake the training every three years.

*Executive Law §94(10)*



NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## ETHICS TRAINING

**Comprehensive Ethics Training Course: Two-hour, Live**
*Executive Law §94(10)(a)*

- All FDS filers are required to complete the Comprehensive Ethics Training Course within two years of the date they commenced employment in a policy-making position or in a position with an annual salary in excess of the "filing rate."

  - The Ethics Officer or designated trainer must utilize JCOPE's Comprehensive Ethics Training Course **in the form provided and in its entirety**. However, trainers may supplement this course with information and examples specific to your Agency.

 **JCOPE Recommendation for Ethics Officers and Trainers:** Ethics Officers and trainers should continuously provide this training to new FDS filers.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## ETHICS TRAINING

### Disclaimer:

This mandatory Ethics Training is a general overview of the provisions that apply to FDS filers effective at this time. Note that a State agency or entity may adopt its own ethics regulations and policies that are more restrictive than those covered in this course.

The information included in this training is for educational purposes only and not for the purpose of providing legal advice. You should contact your attorney or JCOPE's legal staff to obtain advice related to a particular issue or problem.

For your information, all applicable ethics laws, regulations, advisory opinions, policies and guidance documents within JCOPE's jurisdiction are set forth in their entirety on the agency's website at www.jcope.ny.gov.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

# ETHICS TRAINING

## Online Ethics Orientation Course
*Executive Law §94(10)(b)*

- Individuals newly subject to the FDS filing requirement are required to complete the Online Ethics Orientation Course within 3 months of the date they commenced employment in a policy-making position or in a position with an annual salary in excess of the "filing rate."



- The Online Ethics Orientation Course is available to all FDS filers on SLMS.

- Individuals who complete the Comprehensive Ethics Training Course within 3 months of becoming an FDS filer shall not be required to complete the Online Ethics Orientation Course. However, the Online Ethics Orientation Course is **not a substitute** for the Comprehensive Ethics Training Course.

# ETHICS TRAINING

## Ethics Seminar: 90 Minute, Live
*Executive Law §94(10)(c)*

- After the completion date of the Comprehensive Ethics Training Course, FDS filers are required to complete an Ethics Seminar or retake the CETC every three years. The Ethics Seminar is an update on any changes in the applicable laws, regulations and policies.



# PUBLIC OFFICERS LAW
## §73-a
# FINANCIAL DISCLOSURE

## FINANCIAL DISCLOSURE

### Overview

- An annual Statement of Financial Disclosure (FDS) is a publicly available record containing financial and professional information about the FDS filer and his or her spouse.

- The purpose of the FDS is to provide transparency in order to prevent conflicts of interest between a person's professional duties and his or her private financial interests and affiliations.



- The process of completing an FDS also assists an FDS filer in identifying and managing potential conflicts of interest.

## FINANCIAL DISCLOSURE

### Who is required to file?

- Political Party Chairpersons as defined in Public Officers Law §73(k);
- The four Statewide elected officials, Legislators, and candidates for those offices; and
- Officers, members, directors and employees of any State agency, public authority, public benefit corporation, commission, or legislative employees who are:
  1. Designated as a Policy Makers; or
  2. Threshold Filers (those who have an annual salary in excess of the $91,821 threshold as of April 1, 2015).



NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

---

## FINANCIAL DISCLOSURE

### What is Disclosed?

- Offices or any positions of authority held in a business entity or organization, political party or political organization
- Ownership in, or professional affiliation with, any business entity
  - If the business entity renders services related to certain State work, such as procurement contracts, legislative lobbying, grants, or other matters before State agencies, additional disclosures may be required.
- Ownership in, and income from, financial interests, investments, securities, real property, and other assets
- Debts, liens, mortgages and other financial obligations
- Certain gifts, honoraria, and other payments

Refer to *"Instructions for Financial Disclosure Statement"* for question-by-question guidance on how to complete an FDS for a specific year at:

http://jcope.ny.gov/forms/ethics.html

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## FINANCIAL DISCLOSURE

### Financial Disclosure Statements are publicly available records



➢ FDSs for the four Statewide Elected Officials, and Legislators, are posted on JCOPE's website.

➢ Copies of FDSs for all other State officers and employees are made publicly available upon request.

*Rules Governing access to FDS's and other publicly available records are set forth in 19 NYCRR Part 937*

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## FINANCIAL DISCLOSURE

### Privacy Concerns- What you should know



• JCOPE automatically redacts the name of any minor child from the copy of the FDS that is made publicly available.

• The FDS form asks for a business address only. Please ensure that you do not inadvertently provide the address of your primary residence.

• For other FDS questions related to real property, you may disclose the general location of your primary residence in lieu of the physical address.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV





## Financial Disclosure

### Requests for Redaction/Exemption

**An FDS filer can make a request to:**

- **Redact** answers to questions from the copy made publicly available. ***Executive Law § 94(9)(h)***
- **Not answer** specific questions on the FDS regarding a spouse or minor child. ***Executive Law §94(9)(i)***

***These requests are granted in limited circumstances***

**The procedures for appealing a denial of such request are set forth in 19 NYCRR Part 941.19**

## Financial Disclosure

### When are the filing due dates?

#### May 15th

Statewide elected officials, State officers, political party chairs, policy makers, as well as State employees with an annual salary rate in excess of the job rate of a CSEA equivalent SG-24.

#### November 15th

Academic employees at the SUNY and CUNY who meet the filing threshold requirements.

**Individuals who qualify for filing after these dates have 30 days to file.**

## FINANCIAL DISCLOSURE

### Applications for Exemptions for Threshold Filers

JCOPE has the discretion to grant an exemption when it determines that:

1. The applicant has **not** been designated as a Policy Maker by his or her agency; and

2. The public interest does not require the applicant's FDS to be disclosed; and

3. The applicant's duties **do not** involve the negotiation, authorization or approval of:
   - contracts, leases, franchises, revocable consents, concessions, variances, permits, or licenses;
   - the purchase, sale, rental or lease of real property, goods or services, or a contract therefor;
   - the obtaining of grants of money or loans; or
   - the adoption or repeal of any rule or regulation having the force and effect of law;

Such an exemption may be requested by an individual or by an agency on behalf of a class of individuals in the same position.

**The FDS Exemption procedure is set forth in 19 NYCRR Part 935**

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## FINANCIAL DISCLOSURE

### Extensions

- You may request an extension of time to file an FDS on the basis of justifiable cause or undue hardship.

- Procedures for requesting an extension are set forth in 19 NYCRR Part 936.

### Exemption and Extension due dates:

| Due dates: | All Applicable FDS Filers May 15th | SUNY/CUNY November 15th |
|---|---|---|

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## FINANCIAL DISCLOSURE

### What if I don't file on time?

If you fail to file your FDS, or if you file a deficient FDS by either not answering a question or failing to answer a question with the required specificity, JCOPE will notify you.

If you fail to comply, JCOPE will send you and your appointing authority a Notice of Delinquency that advises you of fees and penalties.

Notices of Delinquency are made publicly available on the Commission's website.

If you still to fail to file your FDS, you may be subject to a civil penalty up to $40,000 after a hearing.

In lieu of a civil penalty or in addition to such penalty, JCOPE may refer a violation to the appropriate prosecutor for criminal prosecution as a misdemeanor offense.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



# PUBLIC OFFICERS LAW §74

# THE CODE OF ETHICS

## THE CODE OF ETHICS



**In a nutshell...**

The Code of Ethics is intended to prevent the use of individuals' official position or authority for the benefit of themselves or another.

The Code of Ethics not only addresses actual conflicts of interest, but also the appearance of such conflicts when performing official duties.

**The Code of Ethics embodies the guiding principles of:**

- Impartiality
- Confidentiality
- Stewardship of State resources
- Integrity

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS

**The Code of Ethics applies to all Officers and Employees of New York State including:**

- Legislative members and employees

- Officers and employees of any State agency, department, division, board, commission, or any public benefit corporation or public authority at least one of whose members is appointed by the Governor, *including unpaid and per diem officers and members of such entities.*



- Officers or employees of the following specific "closely affiliated corporations:" Youth Research Inc., The Research Foundation for Mental Hygiene, Inc., Health Research Inc., The Research Foundation of the State University of New York, and Welfare Research Inc.

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS

### The General Rule: Public Officers Law §74(2)



**New York State officers and employees and Legislative members and employees shall not...**

"have any interest, financial or otherwise, direct or indirect, or engage in any business or transaction or professional activity or incur any obligation of any nature, which is in substantial conflict with the proper discharge of his (or her) duties in the public interest."

NYS JOINT COMMISSION ON PUBLIC ETHICS            WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(a):

No covered person shall accept other employment which will impair his independence of judgment in the exercise of his official duties.

### Example:

You are an engineer for Long Island Rail Road ("LIRR") working on a contract for services on Railway Project X.  LIRR has retained the outside engineering firm ACME Co. to work on this project. In your official capacity with LIRR, you review ACME Co.'s work to determine whether ACME Co. has complied with LIRR's contract.

ACME Co. offers you a part-time position as a consulting engineer on a completely different project that does not involve Railway Project X, LIRR or its parent agency MTA.

Can you pursue this outside employment?

NYS JOINT COMMISSION ON PUBLIC ETHICS            WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Answer:

No.   Accepting this employment would jeopardize your **impartiality** as an LIRR engineer because you would have the discretion to determine whether ACME Co. has met its contractual obligations with LIRR for Railway Project X.

This outside employment creates a public perception that your objectivity in regard to your LIRR duties may be impaired since you are privately benefiting from the consulting relationship with ACME Co.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(b):

No covered person shall accept employment or engage in any business or professional activity which will require  him  to  disclose confidential information  which he has gained by reason of his official position or authority.

### Example:

You are an information technology professional for the Office of Information Technology Services ("ITS").  In addition, you occasionally serve as an expert witness on cyber security.

You should be careful not to accept an assignment or give testimony that requires you to disclose confidential information which you have gained by reason of your ITS position.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(c):

No covered person shall disclose confidential information acquired by him in the course of his official duties nor use such information to further his personal interests.

### Example:

You work as a Child Protective Manager for the Office of Children and Family Services ("OCFS") and have access to CONNECTIONS, a confidential database of child abuse and maltreatment investigations throughout NYS.

Your good friend is the non-custodial grandmother of a child who is a victim of child abuse and an OCFS client. When asked by your friend, you disclosed information accessed through CONNECTIONS related to your friend's grandchild.

Disclosure of confidential information to an unauthorized person would be a violation of Public Officers Law §74(3)(c).

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(d):

No covered person shall use or attempt to use his or her official position to secure unwarranted privileges or exemptions for himself or herself or others, including but not limited to, the misappropriation to himself, herself or to others of the property, services or other resources of the state for private business or other compensated non-governmental purposes.

### Example:

You are an employee at a State Agency. You also have your own desktop publishing business. On occasion you use the State Agency's scanners, printers, computers and technical software to perform services for your clients.

By utilizing the State Agency's resources and equipment for the benefit of your private business, you have violated Public Officers Law §74(3)(d).

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(e):

No covered person shall engage in any transaction as representative or agent of the state with any business entity in which he has a direct or indirect financial interest that might reasonably tend to conflict with the proper discharge of his official duties.

### Example:

A covered person is an executive at a State agency and will be part of a team evaluating applications for energy efficiency grants. The covered person is also a paid Board member of a corporation that is seeking to apply for one of the grants. In his official capacity at the State agency, can he participate in the evaluation of the corporation's application?

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Answer:

No. Given his outside activity as a Board member of the corporation, the covered person has at least an indirect financial interest in the awarding of the grant. Thus, his participation in an application decision regarding the corporation could reasonably conflict with the proper discharge of his State agency duties and would be a violation of §74(3)(e).

The covered person must recuse not only from participating in the State agency's evaluation of the corporation's application, but also from assisting the corporation's Board and staff in preparing its application.

In addition, the covered person should not consult with any member of the State agency as to the merits of the corporation's application.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(f):

A covered person shall not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is affected by the kinship, rank, position or influence of any party or person.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(g):

A covered person shall abstain from making personal investments in enterprises which he has reason to believe may be directly involved in decisions to be made by him or which will otherwise create substantial conflict between his duty in the public interest and his private interest.

### Example:

A State agency will decide whether to locate a new power plant in the State. Should the power plant be approved, the value of the company owning the power plant will greatly increase.

The Chair of the agency has an opportunity to invest in the power plant company prior to the conclusion of the proceeding. The Chair **must not** invest in the company because it would create a substantial conflict between his duty as Chair and his personal financial interests.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(h):

A covered person shall endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS: STANDARDS OF CONDUCT

### Public Officers Law §74(3)(i):

No officer or employee of a state agency employed on a full-time basis nor any firm or association of which such an officer or employee is a member nor corporation a substantial portion of the stock of which is owned or controlled directly or indirectly by such officer or employee, should sell goods or services to any person, firm, corporation or association which is licensed or whose rates are fixed by the state agency in which such officer or employee serves or is employed.



**In a Nutshell...**

If you are a full-time State Officer or Employee, you are prohibited from contracting for the provision of goods and services with entities regulated or licensed by your agency. You may, depending on the circumstances, be permitted to concurrently work as an employee for such regulated entities. (See Advisory Opinion No. 99-08)

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## THE CODE OF ETHICS

### Civil Penalty Amount

**Public Officers Law §74(3) (b), (c), (d) and (i):**

- Civil penalty of up to $10,000

**Public Officers Law §74(3) (a), (e), and (g):**

- Civil penalty in an amount not to exceed the value of any gift, compensation or benefit received as a result of such violation

**Please note:**

Violations of §§74(3)(f) and (h) carry no monetary civil penalty under the Public Officers Law; however violators are still subject to his or her agency's disciplinary action, which may include a fine or garnishment.

**NYS JOINT COMMISSION ON PUBLIC ETHICS**                    **WWW.JCOPE.NY.GOV**



## OTHER APPLICATIONS OF §74

## REVERSE TWO-YEAR BAR

## REVERSE TWO-YEAR BAR

If you are entering State service from the private sector, the "reverse two-year bar" may, depending on the circumstances, require you to recuse from matters directly involving your former private sector employer for a two year "cooling off" period.

The Commission interpreted Public Officers Law §74 to contain this "reverse two-year bar" in Advisory Opinion Nos. 98-09 and 07-4.

In practice, the "reverse two-year bar" prevents the appearance that you, in the performance of your State duties, may give preferential treatment to - or be unduly influenced by - your former private sector employer.

**Did you know?**



If your Ethics Officer or JCOPE determines that your recusal is appropriate, it runs for two years from the date that you terminated employment with the private sector employer.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV



# OTHER APPLICATIONS OF §74

## NEGOTIATION OF FUTURE EMPLOYMENT

## NEGOTIATION OF FUTURE EMPLOYMENT

### General Overview

As a State officer or employee, there are restrictions on when and if you may negotiate future employment with an entity or individual that has a specific matter pending before you.

### Rule on Unsolicited and Solicited Offers

If you receive an unsolicited job offer from an entity or individual that has a specific matter pending before you, or if you are interested in soliciting an employment opportunity with such an entity or individual, you may only pursue an employment opportunity after waiting 30 days from:

1.  The date the matter before you closed; or

2.  The date on which you notified your supervisor and Ethics Officer of your intent to pursue a job offer and recused yourself from the matter and any further contact with the entity or individual.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV

## NEGOTIATION OF FUTURE EMPLOYMENT

### Duty to Notify

You have a duty to promptly notify your supervisor and Ethics Officer if you receive an unsolicited job offer or if you intend to solicit a job offer from an entity or individual that has a specific matter pending before you.

### Potential Violations

Depending on the circumstances, failure to follow these requirements for solicited and unsolicited job offers could result in a violation of Public Officers Law §74 of the Code of Ethics and/or the gift restrictions  set forth in Public Officers Law §73(5).

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV



PUBLIC OFFICERS LAW §73

---

## PUBLIC OFFICERS LAW §73

**Public Officers Law §73 applies to:**

- Statewide Elected Officials

- Legislative members and employees

- Officers and Employees of NYS departments, boards, bureaus, divisions, commissions, councils, or other State agencies (*other than unpaid and per diem officers of such entities*)

- Members, directors, and employees of NYS public authorities and public benefit corporations (*other than unpaid and per diem members and directors of such entities*)

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## PUBLIC OFFICERS LAW §73

**Public Officers Law §73 and Related Subject Matter:**

- Outside Employment and Professional Activities
- Restrictions on Political Activities
- Nepotism
- Gifts
- Honorarium
- Official Activity Expense Payments (Travel)
- Public Service Announcements with Covered Officials
- Post-employment Restrictions

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



PUBLIC OFFICERS LAW §73

OUTSIDE ACTIVITIES

## OUTSIDE ACTIVITIES

### Public Officers Law §73 and Outside Activities

**General Rule:**

All covered individuals – **both Policy Makers and non-Policy Makers** - should evaluate the proposed activity **in light of Public Officers Law §§73 and 74.**

Prior to engaging in any outside activities, all covered individuals should seek advice from their Agency Ethics Officer or JCOPE concerning the propriety of such employment under the applicable laws and regulations.

- 19 NYCRR Part 932 are the rules governing outside activities.
- Changes to regulations governing outside activities are effective as of July 22, 2015.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OUTSIDE ACTIVITIES

**19 NYCRR Part 932:** Policy Makers* need approval for Outside Activities above the Annual Compensation Threshold.          *(other than unpaid or per diem)

**Annual Compensation Threshold Amounts:**



**Greater than $1,000** – requires Agency approval.

**Greater than $5,000** – requires JCOPE approval as well as the Agency's prior approval submitted in the Outside Activity Report, which is a form available on JCOPE's website.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OUTSIDE ACTIVITIES

### 19 NYCRR Part 932: Approving Authority



- For Policy Makers (other than unpaid or per diem officers), the Approving Authority is the State agency or appointing authority.
- For Statewide Elected Officials and State Agency Heads, the Approving Authority is JCOPE.

## OUTSIDE ACTIVITIES

### 19 NYCRR Part 932: Approval Procedure for Policy Makers

*For the following activities Policy Makers must also seek JCOPE Approval:*

➢ Holding other public office (elected or appointed) regardless of compensation

➢ Private or public employment or activity involving compensation of more than $5,000

➢ Serving as a director or officer of a for-profit corporation or institution, regardless of compensation

**Did you know?**



If a Policy Maker (other than unpaid or per diem) wishes to serve as a director or officer of a not-for-profit entity where the annual compensation is between $0 - $999, agency approval is not required, but the Policy Maker must notify the approving authority in writing prior to commencing service.

## OUTSIDE ACTIVITIES

### 19 NYCRR Part 932: Restrictions on Political Activities

**Part 932.4(a)**
Policy makers, *including those in an unpaid or per diem position*, are prohibited from serving as an officer of any political party or political organization.

**Part 932.4(b)**
Policy makers, *including those in an unpaid or per diem position*, are prohibited from serving as a member of any political party committee. This prohibition covers, for example, serving as a political party district leader or a member of the national committee of a political party.



NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OUTSIDE ACTIVITIES

### Public Officers Law §73(4)

No State officer or employee shall sell any goods or services having a value in excess of $25 to **any** State agency unless such goods or services are provided pursuant to an award or contract let after public notice and competitive bidding.

### Example:

You are a Department of Labor employee.  You also have a seasonal snow plowing business.  Is it permissible to provide snow plowing services at a regional office of a NYS Public Benefit Corporation?

This outside activity is permissible if you provide such services pursuant to a contract that was publicly noticed and competitively bid.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OUTSIDE ACTIVITIES

### Public Officers Law §73(7)

**Covered persons are prohibited from rendering services for compensation before any State agency in relation to:**

- The purchase, sale, rental or lease of real property, or goods or services;

- Any proceeding relating to rate making;

- The adoption or repeal of any rule or regulation having the force and effect of law;

- The obtaining of grants of money or loans;

- Licensing or permitting; or

- Any proceeding relating to a franchise provided for in the Public Service Law.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OUTSIDE ACTIVITIES

### Public Officers Law §73(7) Example

You are a Department of Transportation ("DOT") engineer. As an outside activity, you perform engineering services as a consultant. A client asks you to design a septic system plan and application that must be submitted to the Department of Environmental Conservation ("DEC") for its review and evaluation in order to issue a wastewater permit to your client.

You may not, for compensation, perform such work and submit the permit application to DEC even though there is no connection between your official duties at DOT and this application before DEC.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV





## NEPOTISM RESTRICTIONS

### Public Officers Law

#### §73(14)
State employees are **banned** from participating in any decision to hire, promote, discipline or discharge a **relative.**

#### §73(15)
State employees are prohibited from awarding contracts to a relative or investing public funds in any security in which a **relative** has a financial interest.

#### Definition of "Relative" in §73(1)(m):
Any person living in the same household as the covered individual or any person who is a direct descendant of that covered individual's grandparents or the spouse of such descendant.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



PUBLIC OFFICERS LAW §73

GIFTS

## GIFTS

### Regulatory Update



- The gift regulations are contained in 19 NYCRR Part 933.
- Changes to regulations governing the acceptance of gifts are effective as of June 18, 2014.

**Reminder - Covered Persons under the Gift Regulations are:**

- Statewide Elected Officials
- Legislative members and employees
- Officers and Employees of NYS departments, boards, bureaus, divisions, commissions, councils, or other State agencies (*other than unpaid and per diem officers of such entities*)
- Members, directors, and employees of NYS public authorities and public benefit corporations (*other than unpaid and per diem members and directors of such entities*)

NYS JOINT COMMISSION ON PUBLIC ETHICS                     WWW.JCOPE.NY.GOV

## GIFTS: NEW REGULATIONS (19 NYCRR PART 933)

### Overview



- The new regulations require that an analysis be done before you accept or receive a "Gift" (defined on the next page) from an individual or entity.

- Under the analysis, you are presumptively prohibited from accepting, or receiving a Gift from an "Interested Source."

- The new regulations and the statute also list exclusions to the definition of Gift. You may accept these items or services from anyone as long as the acceptance does not create an actual or apparent conflict of interest or give the impression of improper influence.

NYS JOINT COMMISSION ON PUBLIC ETHICS                     WWW.JCOPE.NY.GOV

## GIFTS: DEFINITION OF A GIFT

### What is a "Gift?"

Anything of more than "nominal value."



➢ A Gift includes, but is not limited to, money, services, loans, travel, lodging, meals, refreshments, entertainment, forbearance or a promise having a monetary value.

➢ "Nominal Value" – is not specifically defined. The Commission will generally consider something that has *a fair market value of $15 or less* to be of Nominal Value.

## GIFTS: INTERESTED SOURCE

### An Interested Source is a person or entity that:

- Is regulated by or appears before you or your agency
- Has contracts with, or seeks contracts with, you or your agency
- Is a registered lobbyist or client of a lobbyist that lobbies your agency
- Is the spouse or the minor child of a registered lobbyist or client of a lobbyist that lobbies your agency
- Is involved in ongoing litigation that is adverse to you or your agency
- Has received or applied for funds from your agency at any time during the previous year up to and including the date of the proposed or actual receipt of the gift
- Attempts to influence you or your agency in an official action

## GIFT EXCLUSIONS

➢ The following items are not considered to be "Gifts" under the regulations.

➢ You may, therefore, accept these items provided that your acceptance does not violate Public Officers Law §74. In other words, you may accept these items or services from anyone as long as the acceptance does not create an actual or apparent conflict of interest or give the impression of improper influence.

- Awards or plaques in recognition of public service
- Honorary degrees
- Promotional items with no resale value
- Discounts available to the general public, or a broad segment thereof, *e.g.*, wireless providers offer discounts to all government employees
- Gifts from those with whom there is a demonstrated familial or personal relationship

- Contributions reportable under the Election Law
- Meals and beverages provided to participants at professional and educational programs
- Local travel payments for tours related to one's official activity
- Food or beverage valued at $15 or less per event

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## GIFT EXCLUSIONS (CONTINUED)

- Travel, food and lodging expenses for speakers at informational events
  ➢ Applies only when a governmental entity or in-state accredited institution of higher learning is paying the expenses or reimbursing the speaker, who is a Covered Person



- Complimentary Attendance, including food and beverage, at a Bona Fide Charitable Event or a Bona Fide Political Event
  ➢ **Bona Fide Charitable Event** – event's primary purpose must be to provide financial support to an organization that is either registered as a charity with the Attorney General's Office (unless exempt) or qualified under section 501(c)(3) of the Internal Revenue Code
  ➢ **Bona Fide Political Event** – event's primary purpose must be to provide financial support to a political organization or a candidate for statewide office (as defined in Public Officers Law §§73-a(2)(a)(iii)-(viii))

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## GIFTS: EXCLUSIONS (CONTINUED)

- Complimentary attendance at a **Widely Attended Event**

  The following four conditions must be satisfied to qualify for the "Widely Attended Event" exclusion:

  1. Complimentary admission must be offered by the sponsor of the event; **and**

  2. 25 individuals, who are not from your Agency, attend or are in good faith invited to attend; **and**

  3. (a) The event is related to your official duties or responsibilities *(this can be satisfied if there is a speaker at the event who addresses an issue of public interest or concern)* **or**

     (b) The event allows you to perform a ceremonial function appropriate to your position; **and**

  4. You inform your Ethics Officer in writing of the Widely Attended Event *prior* to the event taking place.

➤ **Parameters of Exclusion**
- Food and beverage is only permissible if offered to all participants
- The exclusion does not cover entertainment, recreational, or sporting activity unless the presentation addressing the public interest or concern is delivered during the entertainment, recreational, or sporting activity

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## GIFTS: STEP-BY-STEP ANALYSIS

1) **Is the item or service valued at $15 or less or does it fall into one of the Gift Exclusions?**

   **Yes** – The item or service may ordinarily be accepted. There may be some circumstances, however, where acceptance is impermissible because it would create an actual or apparent conflict of interest under Public Officers Law §74.

   **No** – **Go to Step #2**

2) **Is the Gift from an Interested Source?**

   **Yes** – *Gift is presumptively prohibited unless* it is **not** reasonable to infer that the Gift was (i) intended or expected to influence the Covered Person <u>or</u> (ii) intended as a reward for official action

   **No** – *Gift is ordinarily permissible unless* it could be reasonably inferred that the Gift was (i) intended or expected to influence the Covered Person <u>or</u> (ii) intended as a reward for official action

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## GIFTS: OTHER CONSIDERATIONS

### Gifts to Third Parties are Prohibited

You cannot redirect an impermissible Gift to a third party, including your spouse or child or a charitable organization.



### Multiple Gifts from the Same Source

If you accept multiple *permissible* Gifts from the same source, you could, depending on the circumstances, violate Public Officers Law §74 by creating an actual or an apparent conflict of interest or an appearance of improper influence.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



# 19 NYCRR PART 930
# HONORARIUM

## HONORARIUM

### Definition: What is an Honorarium?

A payment or other compensation offered in exchange for a professional service or activity, such as giving a speech, writing an article, or serving on a panel and a seminar or conference, that is **not part** of the State person's official duties.

An honorarium may include expenses incurred for travel, lodging, and meals related to the service performed.



NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## HONORARIUM

### Honoraria Approval Procedures

- Request for approval must be submitted in writing to the Agency's Ethics Officer or other designated person **prior to** performing the service or activity

    ➢ For Statewide Elected Officials and State Agency Heads (including Civil Department Heads), submit request to JCOPE



NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## HONORARIUM

### Conditions for Honoraria Approval

➢ State personnel, equipment, and time are not used in preparing the service for which an Honorarium is offered

➢ No State funds are used to pay the Covered Person's attendance, registration, travel, lodging, or meal expenses

➢ If the service is to be performed during the Covered Person's official work day, he or she must charge accrued leave (other than sick leave) to perform such service

➢ If the Honorarium is offered by or on behalf of an Interested Source, all of the following criteria must be met:

    ➢ It is not reasonable, under the circumstances, to infer that the Honorarium was (i) intended or expected to influence the Covered Person, or (ii) intended as a reward for any official action

➢ The Ethics Officer/Approving Authority determines that the offeror is not being used to conceal that the Honorarium is actually offered or paid by an Interested Source; and

➢ Neither performing the service or activity for which the Honorarium is offered nor accepting the Honorarium violate Public Officers Law §74

NYS JOINT COMMISSION ON PUBLIC ETHICS                                    WWW.JCOPE.NY.GOV

## HONORARIUM

### Exemptions

Faculty members of SUNY and CUNY and State Officers and Employees with the following specified titles are exempt from the Honoraria approval procedures (including the conditions for approval) provided that the service performed is within the subject matter of their official academic or research discipline:

    ➢ Research Scientist
    ➢ Cancer Research Scientist
    ➢ Research Physician
    ➢ Research Psychiatrist
    ➢ Psychiatrist



NYS JOINT COMMISSION ON PUBLIC ETHICS                                    WWW.JCOPE.NY.GOV









## HONORARIUM

### FDS and Honoraria Reporting

All State Officers and Employees – even those who are exempt from the Honoraria approval procedures – shall report any Honorarium in excess of $1,000 (or all Honoraria the aggregate total of which exceed $1,000 received from a single offeror) in his or her FDS for the applicable year.

NYS JOINT COMMISSION ON PUBLIC ETHICS WWW.JCOPE.NY.GOV

## HONORARIUM

### Honoraria and Agency Record Keeping

The Agency/Approving Authority is required to maintain an Honorarium Approval for each approved honorarium request. Each Honorarium Approval must contain specific information set forth in Part 930.

Honoraria approvals are not required to be sent to JCOPE. Instead, agencies must keep all Honoraria Approvals for three years and make them available to JCOPE upon request.

NYS JOINT COMMISSION ON PUBLIC ETHICS WWW.JCOPE.NY.GOV

## OFFICIAL ACTIVITY EXPENSE PAYMENTS

### Governed by 19 NYCRR Part 931

- A Covered Person may accept payment or reimbursement from third parties for travel and other expenses for an activity that **is part of, and related to,** his or her official position provided certain conditions are met.

**Payments/reimbursements for official activity expenses must be approved by the Approving Authority**



- For a State Officer or Employee, submit a request for approval, in writing to the Agency's Ethics Officer or other designated person.

- For Statewide Elected Officials and State Agency Heads, submit request to JCOPE.

> *Requests for approval must be made within a reasonable period of time prior to engaging in the official activity*

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## OFFICIAL ACTIVITY EXPENSE PAYMENTS

### Summary of 19 NYCRR Part 931 Requirements

- Mode of travel and related expenses must be in accordance with your agency's travel policy

- Payment or reimbursement from an "Interested Source" is ordinarily impermissible

- Must report travel reimbursement on FDS

- The Agency/Approving Authority is required to maintain an Official Activity Approval for each approved request, and it must contain specific information set forth in Part 931.

- Agencies must retain all Official Activity Approvals for three years and make them available to JCOPE upon request.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



# 19 NYCRR PART 940
## PUBLIC SERVICE ANNOUNCEMENTS
### WITH COVERED OFFICIALS

## PUBLIC SERVICE ANNOUNCEMENTS

### Public Service Announcements with Covered Officials: Permissible and Proper Usage



- The purpose of the PSA regulations is to promote Public Service Announcements, while discouraging their use as campaign tools for elective office. These regulations provide clear guidance about what constitutes a Public Service Announcement, who is covered by these regulations, and what requirements apply to these individuals in connection with their appearance in Public Service Announcements.

- The PSA regulations prohibit certain State officials from appearing in a Public Service Announcement within 90 days of any election (primary, general, special, etc.) in which they are a candidate.

- This prohibition only applies to what the regulations term "Covered Official": Governor; Lieutenant Governor; Comptroller; Attorney General; any elected member of the New York State Legislature; or any head and/or executive director of a State Agency.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV

## PUBLIC SERVICE ANNOUNCEMENTS

**Public Service Announcements with Covered Officials: Permissible and Proper Usage**

- Any Covered Official who knowingly and intentionally appears in a Public Service Announcement within 90 days of an election in which he is a Candidate will have violated Public Officers Law §74(3)(d), which has a monetary penalty of not more than $10,000 and the value of the benefit received.



- Public Service Announcements are carefully defined in the regulations and do not include communications such as:

  ➢ political advertisements; electioneering communications; news; editorials; columns; letters to the editor; blogs; social media postings (e.g., Twitter, Facebook); personal communications; State agency websites and websites of Members of the Legislature.

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV



# PUBLIC OFFICERS LAW §73(8)(a)

## POST-EMPLOYMENT RESTRICTIONS

## POST-EMPLOYMENT RESTRICTIONS

Post-employment restrictions apply to **all** State officers and employees subject to Public Officers Law §73.

Please note that the post-employment restrictions apply to part-time and seasonal employees.  These restrictions apply equally to a one-day or thirty-year hire.

**Types of Restrictions:**

- Two-year bar

- Lifetime bar



NYS JOINT COMMISSION ON PUBLIC ETHICS                 WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

**Two-Year Bar: §73(8)(a)(i)**

The two-year bar creates a "cooling off" period to prevent the appearance that you could unduly influence your former agency.  The two-year bar contains two restrictions both of which apply for two years immediately following your separation from State service.

1. **Appearance/Practice Prohibition**
   - You may not appear or practice before your former agency
   - This prohibition applies to both paid and unpaid work

   **Some examples of prohibited appearances or practices are:**
   - negotiating a contract with a former agency
   - submitting a grant proposal or application to a former agency
   - representing a client in an audit before a former agency

NYS JOINT COMMISSION ON PUBLIC ETHICS                 WWW.JCOPE.NY.GOV

## POST EMPLOYMENT RESTRICTIONS: TWO-YEAR BAR

**2. Backroom Services Prohibition**

- You are prohibited from being paid to perform certain services on behalf of a client that are in relation to a matter before your former agency even if those activities do not involve appearing or practicing before your former agency.

- This prohibition applies only to paid work. There is no prohibition on performing backroom services for no compensation.

**Some examples of prohibited services are:**

➢ preparing documents for a private firm when it is reasonably foreseeable that the documents will be reviewed by your former agency;

➢ assisting another person in the creation or development of an application to be submitted to your former agency; and

➢ assisting another person in the creation or development of a plan or strategy for influencing a decision of your former agency.

NYS JOINT COMMISSION ON PUBLIC ETHICS | WWW.JCOPE.NY.GOV

## PUBLIC OFFICERS LAW §73(8)(a)(iv)

### Special Two-Year Bar for Executive Chamber Employees:

- Former Executive Chamber employees are prohibited from appearing or practicing regardless of compensation before all State agencies, not just the Executive Chamber.



- They may, however, perform backroom services for compensation to State agencies other than the Executive Chamber.

NYS JOINT COMMISSION ON PUBLIC ETHICS | WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

### Special Waiver of the Two-Year Bar for Laid Off State Officers and Employees:

- Pursuant to Public Officers Law §73(8)(b)(i), the two-year bar does not apply to a State Officer or Employee **terminated between January 1, 2009 and April 1, 2014** because of economy, consolidation or abolition of functions, curtailment of activities or other reduction in the state work force.

- On or before the date of such termination, the State agency shall provide a written certification and notice to the employee that he or she is covered by this waiver.

- Non-Policy Makers who receive this certification are automatically exempt from the two-year bar.

- There is an extra step for Policy Makers that requires JCOPE approval:

  ➢ For each job opportunity, a Policy Maker must also apply to JCOPE by submitting a form available on JCOPE's website.

- After review, JCOPE approves the certification.

**Please note that the lifetime bar still applies.**

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

### The Lifetime Bar - §73(8)(a)(ii)

"No person who has served as a state officer or employee shall after the termination of such service or employment appear, practice, communicate or otherwise render services before any state agency or receive compensation for any such services rendered by such former officer or employee on behalf of any person, firm, corporation or other entity in relation to any **case, proceeding, application or transaction** with respect to which such person was **directly concerned** and in which he or she **personally participated** during the period of his or her service or employment, or which was under his or her **active consideration**."

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

### What you need to know… The Lifetime Bar

- If you participated in a specific case, proceeding, application or transaction while in State service:

    1) If the same matter is before any New York State agency, you cannot ever participate regardless of compensation.

    2) If the same matter is not before a New York State agency, you may perform services on the same matter provided you receive no compensation.

 **Not sure if you are life-time barred from a matter?**

Prior to accepting any new employment, please contact JCOPE for post-employment guidance.

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

### 3 Common Exceptions

1. **Government-to-Government**

    Accepting a position as an employee of a Federal, state, or local government entity.  Exception **does not apply** to independent contractors retained by such government entities.

2. **Continuity of Care for Health Care Professionals**

    Former State-employed health care professionals may treat patients and clients at the State facility which formerly employed the health care professional.

3. **Public Officers Law §73(8-b)  Certificate of Exemption**

NYS JOINT COMMISSION ON PUBLIC ETHICS          WWW.JCOPE.NY.GOV

## POST-EMPLOYMENT RESTRICTIONS

### Public Officers Law §73(8-b)  Certificate of Exemption

- Pursuant to Public Officers Law §73(8-b), JCOPE is authorized to grant exemptions to both revolving door provisions of the Public Officers Law to permit an agency to contract with a former employee for services.

- JCOPE can issue a Certificate of Exemption where "the agency head certifies in writing to the Commission that such former officer or employee has expertise, knowledge or experience with respect to a particular matter which meets the needs of the agency and is otherwise unavailable at a comparable cost."

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV



## CIVIL SERVICE LAW §107 "LITTLE HATCH ACT"

## CIVIL SERVICE LAW §107

### Political Activity in the Workplace



- The term "political activity" means doing something in active support of or opposition to a political party, a candidate for partisan political office (e.g., President, senator, representative, state or local legislature or office), or a partisan political group.

- Civil Service Law §107 prohibits certain political activity in the workplace.

- JCOPE has the jurisdiction to enforce these restrictions over those individuals subject to Public Officers Law §73.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV

## CIVIL SERVICE LAW §107

### Prohibitions

- State Officers and Employees may not be questioned, directly or indirectly, about their political affiliation as a condition of employment.

- A potential employee cannot be asked about their political party affiliation, whether or not that applicant made any political contributions or how that applicant voted.

- No person can use his or her official State position to coerce, intimidate or influence other State Officers or Employees for any political purpose, action or contribution, or interfere with any election.

- State offices may not be used for soliciting or collecting any political contributions.

- No State Officer or Employee shall corruptly use or promise to use any official authority or influence in exchange for political action on another's part.

NYS JOINT COMMISSION ON PUBLIC ETHICS                WWW.JCOPE.NY.GOV

## CIVIL SERVICE LAW §107

**Examples of political activity that would violate Civil Service Law §107 if done while on duty or using NYS property include:**

- circulating a candidate's nominating petition within your office;

- using the computer in your office after work to produce a brochure in support of a candidate's campaign;

- sending e-mail invitations to campaign events to friends within the agency; and

- using New York State Internet connections to forward e-mail messages received from a partisan campaign or someone supporting a partisan candidate.

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

## CIVIL PENALTY AMOUNTS

**Violations of Public Officers Law §73 and Civil Service Law §107**

- Violations of the following sections of law provide for a civil penalty of up to $40,000 and the value of any gift, compensation or benefit received:

    - §73(4)  Selling good or services to State agencies

    - §73(5) Gifts

    - §73(7) Rendering services before State agencies

    - §73(8)(a) Post-employment Restrictions

    - §73(14) and § 73(15) Nepotism

    - Civil Service Law §107

NYS JOINT COMMISSION ON PUBLIC ETHICS                    WWW.JCOPE.NY.GOV

# JCOPE CONTACT INFORMATION



FOR GENERAL INQUIRIES, CALL:
1-800-87-ETHICS or (518) 408-3976

FOR LEGAL GUIDANCE EMAIL US AT:
legal@jcope.ny.gov

FOR QUESTIONS ON TRAINING EMAIL US AT:
education@jcope.ny.gov