MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, NEW YORK,
NORTHERN VIRGINIA, PALO ALTO,
SAN DIEGO, SAN FRANCISCO, SHANGHAI
SINGAPORE, TOKYO, WASHINGTON, D.C.

December 8, 2021

Writer's Direct Contact
+1 (212) 468.8049
CCohen@mofo.com

*By ECF and By Hand*

The Honorable Lewis A. Kaplan
United Stated District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *United States v. Sylvia Ash*, 19 Cr. 780 (LAK)

Dear Judge Kaplan,

  Counsel respectfully submits this letter to supplement the trial record in connection with Ms. Ash's December 7, 2021 motions relating to the government's failure to timely provide statements by two law enforcement witnesses to the defense. More specifically, as described below, these two witnesses' statements appear to have been written down by the government in the form of questions that the government intended to ask each law enforcement witness when it called him as a trial witnesses (one of whom already had testified). The materials appear to have been prepared based on answers provided by each witness during trial preparation that had not been otherwise memorialized and not produced as 3500 material. Specifically, as explained in Court yesterday, on December 7, 2021, the government made disclosure of (i) two versions of question "scripts" provided to government witness, Special Agent Jeremy Rosenman, in advance of his testimony on December 7; and (ii) a question "script" provided to government witness, Boris Vestfrid, who had testified on December 2, 2021. As set forth below, the Court denied Ms. Ash's request for relief relating to the belated production of these materials. To ensure that the Court has a complete documentary record relating to Ms. Ash's motions, the relevant materials relating to Agent Rosenman and Mr. Vestfrid, as described below, are attached hereto.

*The Rosenman Materials*

  At the start of the trial day on December 7, 2021, a member of the prosecution team informed the undersigned counsel that the government had just learned that another member of the prosecution team had emailed a list of all questions the government intended to ask Agent Rosenman to Agent Rosenman prior to his testimony, which was scheduled for the late morning or afternoon of December 7. Undersigned counsel requested a copy of any such

ny-2298746

MORRISON | FOERSTER

Honorable Lewis A. Kaplan
December 8, 2021
Page Two

documents and the government then produced one document at approximately 9:00 a.m. and a second document at approximately 1:48 p.m., each of which contained an extensive set of questions and/or bullet points that the government intended to ask Agent Rosenman on direct examination.  Each of these documents had been transmitted to Agent Rosenman by a member of the prosecution team in advance of Agent Rosenman's testimony although the government declined to provide any cover email or other communication evidencing that communication.  (Dec. 7, 2021 Tr. at 681:7-682:1.)  A copy of these documents entitled "Jeremy Script," and "Jeremy testimony" (the "Rosenman Materials") are attached hereto as Exhibit A and B, respectively.

As indicated on the record, counsel for Ms. Ash requested the Court to order the production of additional documents relating to the Rosenman Materials, including the communications transmitting the Rosenman Materials from the government to Agent Rosenman.  (*Id.* at 684:6-7 & 687:9-10.)  The Court declined this request, finding that the Rosenman Materials did not constitute statements of the witness and thus production thereof was not required pursuant to Section 3500.  (*Id.* at 685:1-3.)  The Court further found that by producing the Rosenman Materials in advance of Agent Rosenman's testimony, the government had "technically complied with the statute," (*id*. at 773:13-14), and thus no violation of the Jencks Act had occurred.

*The Vestfrid Materials*

Also contained in the December 7, 2017 1:48 p.m. email to Ms. Ash's counsel, the government provided a "script" of questions and two additional documents relating to Mr. Vestfrid, a senior forensic analyst employed by the Office of the District Attorney of New York.  Mr. Vestfrid offered testimony at trial on December 2, 2021.  A copy of these materials, including the document with the file title "Boris Testimony" (Exhibit C) and the other two documents (Exhibits D and E) (collectively, the "Vestfrid Materials") are attached hereto.

At the close of evidence on December 7, counsel for Ms. Ash asked to be heard regarding the government's belated disclosure of the Rosenman Materials and the Vestfrid Materials.  Counsel explained that particularly with respect the Vestfrid Materials, the "script" was extremely detailed and thus the questions therein appear to have been formulated based on what Mr. Vestfrid told the government in meetings with the government.  Accordingly, the "Boris Testimony" document (Exhibit C) was akin to a witness statement that should have been provided to the defense prior to the conclusion of Mr. Vestfrid's testimony.  As further evidence that the script contained Mr. Vestfrid's statements, counsel for Ms. Ash informed the Court that it had received essentially no notes of any meetings between the government and Mr. Vestfrid.  Tellingly, the government did not refute that the questions in the Vestfrid script were based on what Mr. Vestfrid told the government and did not dispute that there essentially was no disclosure of any notes from any meetings between the government and Mr. Vestfrid.  (Tr. 771:9-18.)

MORRISON | FOERSTER

Honorable Lewis A. Kaplan
December 8, 2021
Page Three

      Based on the foregoing and counsel's inability to cross-examine Mr. Vestfrid on the information contained in the Vestfrid Materials and failure to receive the Vestfrid Materials prior or even after his direct trial testimony, (*id.* at 771:21-25), Ms. Ash requested that the Court declare a mistrial or, in the alternative, that it dismiss the indictment.  (*Id.* at 772:4-5 and 772:7-8.)  The Court denied Ms. Ash's requests, (*id.* at 772:6 and 772:9), holding that a document listing the questions that the government intended to ask Mr. Vestfrid did not constitute his statements within the meaning of Section 3500, (*id.* at 773:6-7), and thus no violation of the Jencks Act had occurred.  (*Id.* at 774:18.)  The Court further articulated its belief that Ms. Ash had not sufficiently articulated any prejudice suffered as a result of the post-testimonial production of the Vestfrid Materials.  (*Id.* at 774:19.)

      The Court ruled without the benefit of time to review either the Rosenman Materials or the Vestfrid Materials and thus the Rosenman and Vestfrid Materials respectfully are provided herewith to ensure that the factual record associated with Ms. Ash's motions is complete.

Respectfully submitted,

/s/ Carrie H. Cohen

Carrie H. Cohen


cc: Counsel of Record (via ECF)

3

ny-2298746