UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                    -against-                                              19-cr-0780 (LAK)


SYLVIA ASH,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:  7/21/22             │
└─────────────────────────────────┘
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       On December 13, 2021, following an approximately seven-day jury trial, the defendant was convicted of conspiring to obstruct justice, in violation of 18 § U.S.C. 371 (Count One); obstruction of justice, in violation of 18 U.S.C. § 1512(c) (Count Three); and making a false statement to federal investigators, in violation of 18 U.S.C. § 1001 (Count Four). She was acquitted of obstruction of justice, in violation of 18 U.S.C. § 1519 (Count Two). On April 20, 2022, the Court imposed a sentence of 15 months' imprisonment and a fine of $80,000.

       In advance of sentencing, Municipal Credit Union ("MCU") submitted a letter asking the Court to impose the "highest restitution permitted under the law." Dkt. 174-1. As summarized by the government, MCU argues that the defendant's conduct of conviction caused MCU to "expend additional legal and investigative costs to determine whether Wong had embezzled from MCU," to "pay Wong's salary after the obstruction scheme began until Wong was terminated," to "expend legal and related fees to attempt on multiple occasions to obtain the return of its property," and to "expend legal and consulting fees to attempt, albeit unsuccessfully, to recover data from the wiped iPhone X." Dkt.186 at 7-8. The government supports MCU's request under the Victim and Witness Protection Act of 1982 ("VWPA"), which commits to the Court's discretion restitution for eligible "victim[s]," defined as "person[s] directly and proximately harmed as a result of the commission of an offense."[1]

       The Court doubts that MCU qualifies as a VWPA "victim" in this case. First, it is not immediately apparent that any of the offenses of which Ms. Ash was convicted is susceptible to identifying individual victims. Courts widely have held that obstruction crimes, as a general

---

[1] *See* 18 U.S.C. § 3663(a).

matter, are akin to immigration offenses in the sense that the victim is "society at large."[2]  To be sure, not all of the cited cases suggest that society at large is the *only* victim in every obstruction case.  As the district court pointed out in *United States v. Atlantic States Cast Iron Pipe Co.*, even under the obstruction statutes there are "offenses that, by their terms, refer to potential victims. *See, e.g.,* 18 U.S.C. § 1512 (tampering with a witness, victim, or an informant); *id.* § 1513 (retaliating against a witness, victim, or an informant)."[3]  Thus, it is clear that certain obstruction predicates "indicate the *potential* for such victims to exist," but even those statutory provisions "may require a greater degree of fact-finding by the court to determine whether statutory crime victim status exists for various persons." *Id.* (emphasis added).

Even assuming *arguendo* that MCU qualifies as a "victim" under the statute,  the Court foresees numerous other issues, particularly in light of *United States v. Afriyie*.[4]  *Afriyie* foreclosed restitution for attorneys' fees related to internal investigations with a potential caveat for those investigations invited or requested by the government.  The government has not argued that it invited or requested MCU's investigation and acknowledges in its papers that any internal-investigation-related attorneys' fees may not be recoverable as restitution in light of *Afriyie*.  Omitting internal investigation-related attorneys' fees would yield essentially four baskets of alleged losses: (1) salary paid to Kam Wong after the date the conspiracy to obstruct began (2) "consulting fees" to recover data from the iPhoneX, (which ultimately was unsuccessful), (3) unspecified investigative "resources" involved in opening a "new branch" of the internal investigation, and (4) attorney's fees and other costs associated with additional subpoenas arising from the obstruction conspiracy.

There are problems with all four of those theories.  Theory (1) faces rather obvious causation issues, since the record does not contain facts showing how, if at all, the defendant's actions influenced the board's decision to fire Wong when it did, especially since the defendant already had left the board at the time she entered into the conspiracy.  Theories (2) and (3), while they do not concern "attorneys' fees," fall within *Afriyie*'s reasoning to the extent that they represent costs not directly linked to complying with government or judicial process.[5]  Theory (4) is the most

---

[2]   *See United States v. Bordinaro*, 777 F. Supp. 1229, 1233 n.2 (E.D. Pa. 1991), *aff'd,* 970 F.2d 900 (3d Cir. 1992); *see also United States v. Cueto*, 151 F.3d 620, 639 (7th Cir. 1998); *United States v. Riviere*, 924 F.2d 1289, 1305 (3d Cir. 1991); *United States v. Atl. States Cast Iron Pipe Co.*, 612 F. Supp. 2d 453, 544 (D.N.J. 2009); *United States v. Hamburger*, 414 F. Supp. 2d 219, 224 (E.D.N.Y. 2006); *United States v. Garrido-Ortega*, No. IP 02-68CR1HF, 2002 WL 31741468, at *4 (S.D. Ind. Nov. 15, 2002).

[3]   612 F. Supp. 2d at 543–44.

[4]   27 F.4th 161 (2d Cir. 2022).

[5]   *See, e.g., United States v. Razzouk*, No. 11-CR-430 (ARR), 2021 WL 1422693 (E.D.N.Y. Apr. 15, 2021) (disallowing restitution for costs associated with internal audit and clarifying that "[h]elping and contributing to the government's investigation are not enough" to render investigative costs recoverable in connection with a criminal matter).

viable in the abstract, although it would require MCU to disambiguate the losses owing to the conduct of conviction in this case as distinct from the conspiracy to defraud MCU with which Ms. Ash was not charged.  A district court's statutory authority to award restitution is circumscribed by the offense(s) of conviction.[6]

In sum, the Court concludes that MCU is not a VWPA-eligible "victim" of any of the three offenses of conviction.  Even if it were, the connection between the offense conduct and MCU's alleged losses is too attenuated to favor an exercise of discretion to award restitution in this case.

MCU's request for restitution and, to whatever extent the government may be deemed to have made such a request, that request (Dkt. 174-1, Dkt 186) are denied in all respects.

SO ORDERED.

Dated:      July 21, 2022

Lewis A. Kaplan
United States District Judge

---

[6]      *See, e.g., United States v. Archer,* 671 F.3d 149, 170 (2d Cir. 2011).